Patricia BURNS, Administratrix of the Estate of Edward A. Schwartz, Deceased,

v.

Mathias YANOS, Jr., Defendant.

The TEXAS COMPANY, Defendant and Third-Party Plaintiff,

v.

E. J. SCHWARTZ and Marie Schwartz, Third-Party Defendants.

Civ. A. No. 14614.

United States District Court
E. D. Pennsylvania.

Feb. 8, 1955.

Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

Elston C. Cole, Philadelphia, Pa., for Yanos.

John B. Hannum, 3rd, Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., for Texas Co.

John J. McDevitt, 3rd, Philadelphia, Pa., for E. J. and Marie Schwartz.

KIRKPATRICK, Chief Judge.

Edward Schwartz was killed when a delivery truck in which he was a passenger was driven into the rear of a tractor-trailer combination parked on a main highway at night, without flares. This action to recover damages for his death was brought against the Texas Company, owner and operator of the tractor-trailer, and Yanos, the driver of the truck in which the decedent was riding. The Texas Company subsequently brought in E. J. and Marie Schwartz as third-party defendants. They were the decedent's father and mother. Yanos was in their employ and engaged in their business at the time of the accident, as was the deceased.

The case was tried to the Court with a jury. A special verdict was taken, and, in answer to the interrogatories submitted, the jury found that the Texas Company driver was negligent, that Yanos was not guilty of any negligence which was a substantial factor in bringing about the accident, and assessed damages in the amount of $85,509.50.

The case is now before the Court upon motions (1) by the plaintiff for judgment against the Texas Company, (2) by the Texas Company for judgment against Yanos, original defendant, and the Schwartzes, third-party defendants, (3) by Yanos for judgment in his favor, and (4) by the third-party defendants for judgment in their favor.

I may say at once that, upon his own testimony taken in connection with other undisputed evidence, Yanos was plainly guilty of negligence contributing to the accident. Although counsel for Yanos objected upon procedural grounds to the Court's considering the point at this time, it was thoroughly briefed and argued by counsel, and a review of the Pennsylvania authorities leaves little doubt in my mind that the jury's verdict upon this issue cannot be sustained. The jury should have been instructed to answer the second interrogatory "Yes" or, perhaps, the question of Yanos's negligence should not have been submitted at all.

However, I cannot grant the Texas Company's motion for judgment against Yanos and the Schwartzes. It is, in effect, a motion for judgment notwithstanding the verdict under Fed. Rules Civ.Proc. rule 50(b), 28 U.S.C., and the difficulty is that the Texas Company did not at any time before the verdict move that the jury be instructed that the second interrogatory should be answered "Yes" or that the issue should be withdrawn from the jury. Both Rule 50(b) and constitutional considerations limit the right of the Court to enter judgment notwithstanding a verdict to cases in which a motion for a directed verdict upon the issue involved has been made before submission to the jury. There was no such motion in this case. The Texas Company did submit a general point for charge that under the law and evidence the verdict must be for the Texas Company. Although this point may not have been appropriate to a case in which a special verdict was to be taken, it might be considered as the equivalent of a request for a direction to the jury to find the driver of the Texas Company truck not negligent by answering the first interrogatory "No". It cannot, however, be construed as the equivalent of what the Texas Company is now asking for, namely, finding in its favor as against Yanos and the Schwartzes that Yanos was negligent.

The other method by which relief can be given against an erroneous finding of the jury is the granting of a new trial upon this issue on the ground that the verdict is against the weight of the evidence. Such motion has not been made but can be made and will be entertained by the Court after judgment has been entered.

Rule 58 provides that "the court shall direct the appropriate judgment to be entered" upon such a verdict. In the present case, because of the want of any motion at the trial for a directed verdict or its equivalent, the Court has no power to do otherwise than direct the entry of judgment in accordance with the answers to the interrogatories. What the "appropriate" judgment would have been if the Texas Company had asked a directed verdict against Yanos in the course of the trial need not be considered here.

Judgment may, therefore, be entered in favor of the plaintiff against the Texas Company in the sum of $85,509.50.

The Texas Company's motion for judgment against Yanos and the Schwartzes is denied.

Judgment may be entered in favor of Yanos and the Schwartzes generally.