**Leo V. GLORIOUS, Appellant,**

v.

**Robert L. EVANS and Lucille W. Evans,
Appellees.**

**No. 3362.**

District of Columbia Court of Appeals.

Argued Dec. 9, 1963.

Decided Jan. 24, 1964.

———◆———

Andrew W. Carroll, Washington, D. C.,
for appellant.

Thurman L. Dodson, Washington, D. C.,
with whom James Weldon Hill was on the
brief, for appellees.

Before HOOD, Chief Judge, and QUINN
and MYERS, Associate Judges.

QUINN, Associate Judge.

The question on this appeal is whether
the trial court abused its discretion in dis-
missing a suit for failure to prosecute.

On July 11, 1962, appellant filed a com-
plaint against appellees for the unpaid bal-
ance on a promissory note. After service of
process, appellees filed a motion for a more
definite statement of claim. This motion
was calendared for August 22, 1962, but ap-
pellant's counsel, without the consent of ap-
pellees' counsel, had the case removed from
the motions calendar. Nevertheless, on Au-
gust 22, appellees' counsel appeared in court
and requested a hearing. As a result there-
of, the trial court granted the motion. Al-
most seven months later, on March 14, 1963,
appellant filed the required statement. On
May 21, 1963, appellees filed a motion to
dismiss for failure to prosecute diligently.
After a full hearing, this motion was grant-
ed pursuant to Rules 12(e), 41(b), and 41
(e) of the trial court.[1] Thereafter, ap-
pellant filed a motion for relief from the
dismissal under Rule 60(b) (1), (3) and
(6).[2] The motion was denied and the pres-
ent appeal followed.

Rule 41(b) provides:

"For failure of the plaintiff to prose-
cute or to comply with these rules or
any order of court, a defendant may
move for dismissal of an action or of
any claim against him. * * * Un-
less the court in its order for dismissal
otherwise specifies, a dismissal under
this subdivision * * * operates as
an adjudication upon the merits."

In determining what constitutes a failure
to prosecute we have held:

" * * * that the question of lack of
diligence in prosecution is one of fact
for the trial court, and that the grant or

1. Rules 12(e) and 41(b) are similar to
Fed.R.Civ.P. 12(e) and 41(b). Rule 41
(e) provides that if a dilatory party's
delinquency continues for six months, his
claim "shall stand dismissed without prej-
udice." It further provides that such

dismissal may be entered by the clerk
or upon appropriate motion by the court.

2. Rule 60(b) is similar to Fed.R.Civ.P.
60(b).

denial of a motion to dismiss on that ground rests in the sound discretion of the trial court. * * * We will invade this discretionary field of the trial court only in an extreme case * *." [3]

After carefully reviewing the record, we can find no evidence showing that the trial court abused its discretion in granting the dismissal or in failing to grant the motion to vacate under Rule 60(b) (1), (3) and (6). The judgment must be and is

Affirmed.

3. Berch to Use of Nationwide Mut. Ins. Co. v. Rosner, D.C.Mun.App., 136 A.2d 260, 261 (1957). Accord, Shakesnider v. Rosenfeld, D.C.Mun.App., 144 A.2d 106 (1958); Dickson v. Marshall, D.C.Mun. App., 111 A.2d 879 (1955).