**Thurman L. DODSON, Appellant,**

v.

**Robert L. EVANS and Lucille W. Evans, Appellees.**

**No. 3559.**

District of Columbia Court of Appeals.

Argued Oct. 12, 1964.

Decided Nov. 2, 1964.

Thurman L. Dodson, Washington, D. C., pro se.

Milton Heller, Washington, D. C., for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

On March 11, 1964, appellant filed a complaint against appellees, husband and wife, seeking to recover attorney fees in the amount of $750 allegedly due for legal services rendered them in a previous suit instituted against them which had been dismissed by the trial court for failure of the plaintiff in that case to prosecute.[1] The complaint also sought $500 for services rendered them in an appearance before the Real Estate Commission in an attempt to regain the real estate license of appellee Robert L. Evans. Appellees filed an answer denying the allegations, charging that the fee agreements were in violation of the Statute of Frauds and asserting that appellant had agreed to waive all fees because he had earlier received from them a fee in excess of $5,000 in connection with an action involving the Industrial Bank. Appellees also filed a counterclaim seeking damages of $1,000 on the ground that appellant had "repeatedly assured Defendants that he would not charge any fee for his services in those cases, stating that the fees in excess of $5,000 which he obtained in an action involving the Industrial Bank [were] sufficient."

On March 30, 1964, seven written interrogatories were served on appellant to

1. Affirmed on appeal. Glorious v. Evans, D.C.App., 197 A.2d 149 (1964).

which he filed answers under oath on April 4, 1964. Objection was made by appellees to the manner in which he answered interrogatories denominated Nos. 2 and 4. The interrogatories and responses were as follows:

"2. State exactly how you computed the amounts sued for.
"[Ans.] On the basis of time consumed and results accomplished.

"4. List each and every case and matter in which you have represented both or either Defendant (give action no. and title of case) and state exactly how much of a fee you received and when you received the fee, in each case.

"[Ans.] Plaintiff states that this question is immaterial, irrelevant and not responsive to any issue raised in this suit and by its nature would be impossible to answer."

On April 21, 1964, a motion was filed on behalf of appellees to compel responsive answers to these two interrogatories on the ground that No. 2 asked for a computation, not a vague and general statement, and that the information sought by No. 4 was material, since the defense and counterclaim put other fees and cases involving appellees in issue.

After a hearing on the motion, the trial court ordered "that Plaintiff shall answer, in a responsive manner, interrogatories 2 and 4 within twenty (20) days from the day of this order."

On May 27, 1964, appellant filed under oath "Further Answer to Interrogatories," as follows:

"2. I charged $450.00 for the case in the lower court based upon 30 hours spent in court and in research and considering the amount involved. I charged $300.00 for handling the case on appeal based upon 20 hours spent in research, preparation of brief and argument on appeal. I charged $500.00

for handling case before Real Estate Commission, which consumed 45 hours in preparation and in presentation before the Commission.

"4. I have no way of listing each and every case that I have had in the past 35 years, nor am I able to give title and number of each case, nor can I remember the fee charged in every such case."

On June 2, 1964, appellees filed a motion to strike the pleadings and enter a default on the counterclaim for appellant's refusal to comply with the order compelling responsive answers to interrogatories. The grounds asserted for this motion by appellees were that "(a) Plaintiff well knows that he made a fee in excess of $5000 while representing Defendants against the Industrial Bank of Washington during the past five (5) years and a claim that he does not remember this is absurd and trifling with the Court's Order signed by Judge Fickling, and (b) Rule 37(b) (2) (iii) of this Court provides for the relief requested in this motion."

This motion came on for hearing before the Motions Judge. Appellant there insisted that he had not understood Interrogatory No. 4, either at the time of his original answer or at the time of his supplemental answer, to refer only to the cases he had handled for appellees in the instant case, but had understood it to refer to all defendants in all cases he had handled since he had been practicing. He also maintained that the supplemental response was "a complete and adequate answer to the question." In certifying the case for appeal, the Motions Judge stated:

"The total oral argument on the motion lasted between fifteen and twenty minutes and somewhat more than half of this time was used by the [appellant.] To the best knowledge of the Trial Court all points which [appellant] desired to urge were heard and considered. Among these he urged that the

answer supplied to Question No. 4 in pursuance of the order of Judge Fickling was a complete and adequate answer to the question. He as well urged that if it were not, its deficiency was caused by his failure to understand the character of answer required of him, and offered to supply a more responsive answer if given additional opportunity. This offer was rejected by the Court on the ground that this same opportunity had been provided by the order signed by Judge Fickling."

Appellant contends that the action of the court in striking the pleadings and dismissing the complaint was arbitrary, capricious and oppressive.

 As appellant did not file written objections to the interrogatories as provided for under GS Rule 33 or object to the motion to compel more responsive answers, he must be presumed to have waived any objection thereto. It was therefore his duty to fully and adequately answer all questions submitted to him, especially when he was ordered by the trial court to make responsive answers to Interrogatories No. 4 and No. 2. This we find he failed to do in his answer to No. 4.

Appellant's answer to question No. 4—that is was "immaterial, irrelevant and not responsive to any issue raised in this suit and by its nature would be impossible to answer"—was not only incorrect but palpably evasive and wholly unresponsive. His subsequent answer was even worse in its tendency to distort the question and withhold the information sought which was clearly relevant and material to appellees' defense and counterclaim.

If the claim of appellant, an experienced attorney, for money due is a just and meritorious one, he should be meticulous in his desire and effort to make every fact in his possession promptly and fully available so that the issues may be clearly presented for determination. There should be no appearance of evasion or withholding of pertinent information relating to issues between him and his former clients.

We are satisfied from the record that the trial judge was justified in finding that appellant, after two opportunities to properly furnish the desired information, had not satisfactorily complied; that he was in violation of the order directing him in unambiguous and clear terms to answer; and that the explanation of his conduct was unacceptable and did not shield him from the imposition of appropriate sanctions under GS Rule 37(b) (2).

 Rule 37(b) (2) provides a range of sanctions for the enforcement of discovery orders. It vests discretion in the trial court in the selection of the particular sanction to use. An appellate court should be reluctant to disturb an exercise of discretion by a trial judge unless it is convinced that he exceeded a proper discretion in imposing a penalty too strict or unnecessary under the circumstances. Campbell v. Eastland, 307 F.2d 478, 492 (5th Cir. 1962).

Affirmed.