**R. DE BOUARD & CIE.,** Plaintiff,

v.

**S. S. IONIC COAST,** her engines, tackle, etc., Defendant.

Civ. A. No. 67–G–124.

United States District Court
S. D. Texas,
Galveston Division.

Feb. 7, 1969.

Edward W. Watson, Eastman, Watson, Dale & Forney, Galveston, Tex., for plaintiff.

Edward J. Patterson, Jr., Royston, Rayzor & Cook, Galveston, Tex., for defendant.

### MEMORANDUM AND ORDER

NOEL, District Judge.

Plaintiff brought suit in admiralty to collect a $3,684.91 debt incurred for disbursements made for the benefit of the defendant ship. Claimant Australine Shipping Company, Inc., answered, admitting that "some services were performed," but asserting that "the charges therefor were exorbitant." Plaintiff thereupon served a set of 20 interrogatories on Australine, asking in what manner plaintiff's charges were exorbitant, and for the names of the persons who have knowledge of the matters in dispute. The interrogatories were duly served on claimant's counsel, who forwarded them to claimant for answer.

At a pretrial hearing held November 22, 1968, five months after the interrogatories had been served, counsel for claimant informed the Court that he had been

unable to obtain answers from his client, in spite of repeated efforts. Pretrial was passed to December 13 to give claimant a further opportunity to communicate with counsel.

At the time of the December report, claimant had not yet contacted counsel. Counsel were notified in open court that if the interrogatories were not answered by January 6, 1969, judgment would be entered against defendant. Further pretrial was set for that date.

As of this time, although the Court is satisfied every effort has been made by defendant's counsel to obtain it, claimant has failed to furnish the information defendant's counsel requires to answer the interrogatories. At the January pretrial counsel for plaintiff therefore moved for entry of judgment under Rule 37(d), F.R.Civ.P. In due course a form of judgment was submitted.

Plaintiff is entitled to judgment not only under Rule 37(d), but also under subsections (i), (ii), and (iii) of Rule 37(b) (2). As it applies in this case, Rule 37(a) provides that "upon the refusal of a party to answer any interrogatory submitted under Rule 33, the proponent of the question may" upon notice apply to the court for an order compelling an answer. "If the motion is granted and if the court finds that the refusal was without substantial justification the court shall require the refusing party * * * to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees. * * * " Sections (b) and (d) of Rule 37 then prescribe the following penalties:

(b) Failure to Comply With Order.

(1) Contempt. * * *

(2) Other Consequences. If any party * * * refuses to obey an order made under subdivision (a) of this rule requiring him to answer designated questions, * * * the court may make such orders in regard to the refusal as are just, and among others the following:

(i) An order that the matters regarding which the questions were asked, * * * or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(ii) An order refusing to allow the disobedient party to support or oppose designated claims or defenses * * *;

(iii) An order * * * rendering a judgment by default against the disobedient party;

(iv) * * *

(c) * * *

(d) Failure of Party to * * * Serve Answers. If a party * * * wilfully * * * fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, * * * or enter a judgment by default against that party.

As the claimant in this action, Australine Shipping Company, Inc., has repeatedly failed to communicate with its counsel, this Court must find that its failure to furnish the information necessary to answer plaintiff's interrogatories is a wilful refusal, within the meaning of Rule 37(b), to obey the order of this Court announced on December 13, 1968, and a wilful failure, within the meaning of Rule 37(d), to serve answers to properly served interrogatories. The evidence given by counsel in open court of his repeated attempts to contact claimant, together with claimant's failure to offer any explanation for its disregard of the orders of this Court and the Federal Rules of Civil Procedure, is ample support for a finding of wilfullness. Moreover, the obvious relevance of plaintiff's interrogatories to the defense asserted by claimant added to claimant's total failure to advance any objection compels a finding that claimant's refusal to answer is without substantial justifi-

cation, within the meaning of Rule 37(a). Accordingly, the following alternative orders are hereby made:

(1) It is ordered, under Rule 37(b) (2) (i), that the reasonableness of plaintiff's charges for the services and disbursements that are the basis for this suit will be taken to be established for the purposes of this action;

(2) Alternatively, it is ordered, under Rule 37(b) (2) (ii), that claimant will not be permitted to assert the unreasonableness of these charges in this action;

(3) In the further alternative, it is ordered, under Rule 37(b) (2) (iii) and Rule 37(d), that judgment by default is rendered against claimant;

(4) Pursuant to Rule 37(a) plaintiff's costs, including attorney's fees, incurred in urging the motion to compel answers and the motion for default judgment, are assessed against defendant.

The above constitute findings of fact and conclusions of law. Counsel for plaintiff will submit an appropriate judgment after obtaining approval as to form.