**U. S. MERCHANDISE MART, INC., a corporation, a/k/a United States Merchandise Mart, Inc., a corporation, Appellant,**

v.

**D & H DISTRIBUTING COMPANY, a corporation, Appellee.**

No. 5652.

District of Columbia Court of Appeals.

Argued May 18, 1971.

Decided July 13, 1971.

---

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for appellant.

Irwin S. Landau, Washington, D. C., with whom S. David Rubenstein, Calvin K. Ashland and Bruce Goldstein, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

HOOD, Chief Judge:

This appeal is from a judgment by default entered after appellant's answer was stricken because of its failure to comply with the order of the court requiring it to file further and more complete answers to interrogatories. In its two-page brief, citing no authorities and not disputing the power of the court to act as it did under its Rule 37(b) (2) (iii),[1] appellant argues that the action of the trial court was erroneous. Its argument appears to be that under the facts here the trial court abused its discretion in imposing too severe a sanction.

---

1. This section of the trial court's Rule 37 is identical to Fed.R.Civ.P. 37(b) (2) (C).

The facts were that appellant had been ordered to file further and more complete answers to appellee's interrogatories and given 30 days in which to comply. When appellant was more than 10 days in default in complying, appellee moved the court to strike the answer to the complaint and to enter judgment by default. When the motion came on for hearing, appellant's counsel, who had filed no response to the motion, did not appear. Appellee's counsel stated to the court that appellant's counsel was requesting a week's continuance and that appellee would not object to the continuance, but was not withdrawing its motion. The trial court, noting that appellant had not complied with the court's previous order and had not sought an extension of time in which to comply, denied the continuance, heard the motion, struck the answer, and entered judgment by default.

■ In considering the question of abuse of discretion, we put aside the fact that appellee made no objection to continuance of a hearing on the motion. A court has control of its calendar, and counsel by agreement cannot require a court to grant a continuance.

■ Striking an answer and entering a default judgment is a severe sanction and "should not be applied in the absence of wilful failure to comply with the provisions regarding discovery; however 'wilful failure' does not necessarily include a wrongful intent to disobey the rule. A conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance, is sufficient to invoke the penalty." United States for Use of Weston & Brooker Co. v. Continental Casualty Company, 303 F.2d 91, 92–93 (4th Cir. 1962). In order to determine whether the trial court's action constituted abuse of discretion, it is necessary to examine the entire proceedings prior to such action.

■ The complaint was for the balance due for merchandise sold and delivered to appellant in the amount of $5,895.50. Attached to the complaint was an itemized statement of the account. Appellant's answer consisted of three paragraphs, each of one sentence. The first alleged the complaint failed to state a claim upon which relief could be granted, and the third denied that the court had any jurisdiction "over this matter." Any relevancy of either of those paragraphs to the proceeding is not apparent. The second paragraph of the answer stated: "Defendant denies the material allegations of the complaint and specifically denies any indebtedness to the plaintiff." Appellant's answer, it is apparent, was a general denial. A general denial is permitted when a defendant "intends in good faith to controvert all the averments" in the complaint,[2] but a defendant "has no right categorically to deny an allegation which he knows or believes to be true, solely to the end that he may compel his adversary to bear the burden and cost of its proof." United States v. Long, 10 F.R.D. 443, 445 (D.Neb.1950).[3]

■ Here, after specifically denying in its answer any indebtedness to appellee, appellant in response to request for admissions, admitted it did purchase "some merchandise" for which it had not paid and that its records showed "some slight indebtedness" to appellee. Thereafter in answer to interrogatories appellant admitted its books showed an indebtedness to appellee of "[l]ess than $3,000.00." Faced with these evasive answers, appellee moved for more complete answers. Apparently conceding its answers were incomplete, appellant consented to the grant of the motion and was given 30 days in which to comply. By this time more than a year had elapsed since the filing of the answer to the complaint. When appellant was more than 10

---

2. GS Civ.Rule 8(b).

3. It should be noted that the trial court's Rule 11 provides:

The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowlege, information, and belief there is good ground to support it and that it is not interposed for delay.

days in default in complying with the order for more complete answers to the interrogatories, appellee filed its motion to strike the answer to the complaint and to enter judgment by default. Appellant filed no opposition to this motion, and had not sought an extension of time for compliance with the order of the court. Its only action was to ask the court, through opposing counsel, for a week's continuance on the hearing of the motion for default. Two days after default was entered appellant filed additional answers to the interrogatories, admitting, among other things, that its books showed an indebtedness to appellee of "[a]pproximately $2,500.00."

The record clearly shows that appellant through procrastination and the filing of evasive answers unduly prolonged bringing the case to issue, directly contrary to the spirit of the trial court's rules designed to secure a "just, speedy, and inexpensive determination of every action."[4] Under these circumstances, there was no abuse of discretion by the trial court in bringing the proceedings to an end by striking the answer and entering judgment by default.

Affirmed.