Suzanne C. HALL, t/a C. S. Bock Realty, et al., Appellants,

v.

Susie V. WATWOOD, Appellee.

No. 5837.

District of Columbia Court of Appeals.

Argued Dec. 13, 1971.

Decided April 6, 1972.

Rehearing and Rehearing En Banc Denied May 8, 1972.

James T. Wright, Washington, D. C., for appellants.

Margaret A. Beller, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and REILLY, Associate Judges.

KELLY, Associate Judge:

This appeal is from the trial court's refusal to vacate its entry of a default judgment against appellant Rosenberg and from subsequent judgments entered by the court against appellants Rosenberg and Hall for damages higher in amount than those assessed by the jury. We reverse.

Answers to special interrogatories submitted to the jury indicate[1] that on April 12, 1967, appellant Hall loaned $700 to appellee Watwood, for which sum Watwood executed a promissory note to be paid in two installments over the course of the next year. The note was secured by the delivery to Hall of a set of china and the title to Watwood's automobile. Additionally, Watwood executed a security agreement which was filed by Hall, thus perfecting her security interest in Watwood's automobile.

No payments were ever made on the note. Following Watwood's default, appellant Hall repossessed Watwood's car and disposed of it along with the set of china already in her possession. She then sued Watwood to recover the indebtedness remaining over and above the resale value of the collateral as well as expenses incurred in the repossession and sale of these items. Watwood counterclaimed for the alleged wrongful repossession of her car, seeking damages for the loss of personal property and business records, which were in the car at the time, and for the resulting loss of income.[2] She also filed a third party complaint against A & C Adjustors, Inc., the company employed by Hall to repossess the automobile,[3] and against Irving Rosenberg, t/a Benning Motor Sales, on whose lot the repossessed auto had been stored.

Rosenberg filed a handwritten pro se answer to the complaint. He was then served with interrogatories and subsequently, on Watwood's motion, ordered by the court to appear on February 16, 1970, with answers to the interrogatories or objections thereto, and, if necessary, an amended an-

1. The transcript filed in the record on appeal contains only a few introductory remarks by the court to the jury and the court's jury charge.

2. Appellee Watwood is a real estate broker. The contents of her car and the car itself were alleged to be the tools of her trade, the taking of which caused her subtantial loss of income.

3. The third party complaint named Paul R. Tibbs, Sr., president of A & C Adjustors, Inc., as a defendant, but he was never served and the complaint as to him was dismissed.

swer to the complaint so that Watwood could adequately prepare for the pretrial scheduled for later that month. Having encountered last minute problems in preparing the answers, Rosenberg's counsel, whom he had retained after service of the interrogatories, failed to appear in court on February 16th. Early the next morning, when counsel endeavored to file the required documents, he was prevented from doing so by the motions judge who later formally entered a default judgment against Rosenberg.[4] A subsequent motion to vacate the default judgment was denied.

Thereafter, because Watwood was still attempting to perfect service on A & C Adjustors, Inc., it was necessary to postpone the pretrial. The company was ultimately served through the Superintendent of Corporations and a default entered when it failed to answer or appear.

Because of the complexity of the procedural issues, special verdict interrogatories were submitted to the jury when the case was finally tried in January of 1971. However, in answers to those interrogatories, the jury's determination of damages to which Watwood was entitled on her counterclaim and third party complaint was lower than the sums reflected in the judgments subsequently entered by the court. Rosenberg appeals from the order denying his motion to vacate and both Rosenberg and Hall appeal from the final judgments entered against them.

■ Rule 37(d) of the Superior Court, which is identical to Rule 37(d) of the Federal Rules of Civil Procedure, gives a trial court broad power to apply sanctions against a party who fails to serve answers or objections to interrogatories [5] and one of the available sanctions is the rendering of a judgment by default against the disobedient party.[6] Although some circumstances may warrant the use of this sanction, this court and others have recognized, in construing Rule 37(d), that striking an answer and entering a default judgment is a severe sanction, the imposition of which has been held to require a willful failure to comply with the provisions regarding discovery.[7] That

4. A notice, dated February 18, 1970, was sent to the parties, reading:

Since the third party defendant Rosenberg has failed to answer interrogatories by the stated date (2–16–70), the Court refuses to allow the late interrogatories to be filed. The Court in its discretion pursuant to Rule 37(d) therefore grants default judgment against third party defendant Rosenberg and Benning Motor Sales and in favor of third party plaintiff Suzie [sic] Watwood in the amount claimed.

5. SCR 37(d) *Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.* If a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories . . . the court on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b) (2) of this rule. . . .

6. SCR 37(b) *Failure to Comply with Order.*

＊ ＊ ＊ ＊ ＊

(2) *Sanctions by this Court.* If a party . . . fails to obey an order to provide or permit discovery . . . the court may make such orders in regard to the failure as are just, and among others the following:

＊ ＊ ＊ ＊ ＊

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

＊ ＊ ＊ ＊ ＊

7. Thus, in U.S. Merchandise Mart, Inc. v. D & H Distrib. Co., D.C.App., 279 A. 2d 511 (1971), we affirmed the entry of a default judgment against a party who had failed to comply with a court order to file further, more complete answers to interrogatories, where there was a clear showing in the record that his procrastination and filing of evasive answers had un-

the use of Rule 37(d) was inappropriate in this case is clear from the opinion and order denying the motion to vacate. The court there stated that in acting upon counsel's failure to appear, or to file pleadings, or to notify the court concerning a delay it found "compliance with Rule 37(d) a less harsh remedy than proceeding pursuant to the *Sykes* case." [8] This was not an appropriate choice. In *Sykes* an attorney was convicted for criminal contempt because of his failure to appear in court on the day his client's case was set for trial. His conviction was sustained on appeal by this court, but was subsequently reversed by the United States Court of Appeals for the District of Columbia Circuit on the ground that the evidence failed to show that counsel deliberately or recklessly disregarded his obligation to the court. We think it logically inconsistent, however, that in a situation where criminal contempt would be too harsh a sanction against an attorney, his blameless client should instead be judged in default. [9]

Moreover, even assuming that the trial court had reason to apply the severe sanction of Rule 37(d) against third party defendant Rosenberg in this case, improprieties in the procedure followed would require reversal.

 In the normal course of events prior notice is required before judgment by default may be entered against a party who has appeared in the action. [10] Even

Rule 37(d) requires that the court act on motion, yet it is far from clear from the record whether Watwood ever moved for default judgment against Rosenberg or whether the court acted *sua sponte* in this matter. Additionally, a default judgment "in the amount claimed" on a complaint for unliquidated damages against a person who has appeared in the action is no judgment at all. [11] It is therefore disquieting to note a subsequent docket entry, in May of 1970, without motion by either party as far as the record shows but apparently in belated realization that no valid judgment existed against Rosenberg, reading that

> Entry of Feb 17, 1970, is *clarified*—the court therefore enters a default, subject to ex parte proof on amount claimed, against 3rd party deft. Irving Rosenberg and in favor of 3rd party pltf Suzie [sic] Watwood. [Emphasis supplied.]

This change was improper. While it is permissible under Rule 60(a) for the court to correct clerical mistakes in judgments, orders and other parts of the record on its own initiative, it cannot in this manner make other changes which affect the substantive rights and liabilities of the parties.

 Finally, we are of the opinion that the trial judge also erred in entering a judgment which was inconsistent with the verdict of the jury. The trial court submitted special interrogatories to the jury, accompanied by extensive instructions. The in-

---

duly prolonged bringing the case to issue. *See also* United States for Use of Weston & Brooker Co. v. Continental Cas. Co., 303 F.2d 91 (4th Cir. 1962); Michigan Window Cleaning Co. v. Martino, 173 F.2d 466 (6th Cir. 1949); Allied Artists Pictures Corp. v. Giroux, 50 F.R.D. 151 (S.D.N.Y.1970).

Although the language of Rule 37(d) no longer requires that a failure be willful, willfulness is one of the factors to be considered in choosing a sanction. FRCP Rule 37, 28 U.S.C.A., as amended, (Supp., 1971).

8. Sykes v. United States, 144 U.S.App.D.C. 53, 444 F.2d 928 (1971).

9. We have noted before that courts are reluctant to attribute to parties the errors of their legal representatives. Askew v. Randolph Carney Co., D.C.Mun.App., 119 A.2d 116 (1955). *See also* Barber v. Turberville, 94 U.S.App.D.C. 335, 218 F.2d 34 (1954).

10. SCR 55(b) (2).

11. The court did not strike Rosenberg's pro se answer to the third party complaint.

terrogatories were duly answered by the jury and findings as to damages were made.[12] The judgment entered by the court did not reflect the damages which had been determined by the jury. In the absence of any motion for a directed verdict or judgment *non obstante veredicto* the court had "no power to do otherwise than direct the entry of judgment in accordance with the answers to the interrogatories".[13]

Accordingly, we reverse the order denying appellant Rosenberg's motion to vacate default judgment, reverse the judgment against him on the third party complaint, reverse the judgment against appellant Hall on Watwood's counterclaim, and remand the case for a new trial on Watwood's counterclaim against Hall and third party complaint against Rosenberg.[14]

So ordered.

12. Although the jury found that Rosenberg was liable to Watwood only for one cent in compensatory damages and one cent in punitive damages, judgment was entered against him for $1,500.02. The jury awarded Watwood $500 in compensatory damages and $500 in punitive damages on her claim against A & C Adjustors, but the court entered judgment for $2,500.00 against A & C. On Watwood's counterclaim against Hall, the court increased Hall's liability by the sum of $500.01 because A & C Adjustors and Rosenberg were acting as her agents, despite the fact that the repossession of the car which they had effectuated as her agents, was specifically found to be lawful.

13. Burns v. Yanos, 17 F.R.D. 391, 393 (E.D.Pa., 1955), aff'd, 232 F.2d 929 (1956).

14. Watwood did not appeal from Hall's judgment against her on the original complaint, nor did A & C Adjustors, Inc. appeal from Watwood's judgment against it on the third party complaint.