**Johnnie Lee COLEMAN, Appellant,**

v.

**LEE WASHINGTON HAULING CO., Appellee.**

**No. 12438.**

District of Columbia Court of Appeals.

Submitted Sept. 20, 1978.

Decided Oct. 23, 1978.

test. *Nance v. United States, supra*, 377 A.2d at 389.

Dorsey Evans and David R. Taxin, Washington, D. C., were on the brief for appellant.

Patrick J. Attridge, Rockville, Md., was on the brief for appellee.

Before KERN, HARRIS and MACK, Associate Judges.

HARRIS, Associate Judge:

This is an appeal from the trial court's dismissal, under Super.Ct.Civ.R. 37, of appellant's negligence action due to his failure to comply with a discovery order. The question presented is whether the court thus abused its discretion. We conclude that it did not, and so affirm the dismissal.

## I

Appellant filed a complaint on March 12, 1975, seeking $50,000 in damages for personal injuries allegedly suffered in July 1973 when he was struck by "debris" (dirt and rocks) which spilled out over the top of a truck owned and operated by appellee as the truck was rounding a corner near where appellant was walking. In its answer, appellee denied any negligence and denied that appellant had suffered the injuries alleged as a result of any such incident.

Interrogatories from appellant Coleman to the appellee company were propounded and duly answered soon after issue was joined. However, appellee had less success in its discovery efforts as to the basis for appellant's claim. Notice originally was given for the taking of appellant's deposition on July 16, 1975, but the deposition was postponed three times at appellant's request. It finally was taken on October 15 of that year. (The answers given by appellant in that deposition were less than satisfactory, although appellee did ascertain that appellant had a considerable medical history which included prior back problems of the sort for which he was claiming damages in the instant action.) Appellant also was uncooperative in providing appellee with pertinent hospital records; appellee was forced to obtain them through deposition of hospital personnel.

The case was calendared for trial on January 28, 1976, but it was postponed because no judge was available on that date. On September 30, the new trial date, appellant's counsel moved for a continuance on the dual grounds (1) that counsel had just

been made aware of the identity of an additional doctor (unnamed) who had treated appellant's alleged injuries, and (2) that the identity of an additional witness (also unnamed) for appellant had come to light. Appellant's motion was denied, but the court again postponed trial on its own motion to May 19, 1977.

Following up on the revelations made by appellant in support of his motion for continuance, appellee directed further interrogatories to him on October 7, 1976. Those interrogatories remained unanswered on December 28, 1976, when counsel for appellee directed a written inquiry to opposing counsel as to the delay. There was no response to that letter. A copy of an unfiled motion to compel answers was mailed the following month to counsel for appellant. When that too was met with similar silence, the motion was filed with the trial court in early February 1977.

Appellant filed no opposition to the motion to compel. On April 7, 1977, the court entered an order directing appellant to file and serve answers to the interrogatories by April 20. That deadline passed with still no response from appellant. Appellant broke that silence on April 21 by filing another motion for continuance of the trial. Counsel argued in support of the motion that no answers to interrogatories had been filed because, while appellant had appeared in counsel's office and given his answers shortly after the interrogatories had been filed, counsel had been unable since then to locate appellant for him to sign his answers. For that reason, the completed but unsigned answers had not been filed and served, and hence the further continuance was being sought.

While that motion was pending, appellee moved that the court dismiss the action pursuant to its discretion under Super.Ct. Civ.R. 37. Over appellant's opposition, the motion to dismiss with prejudice was granted on May 10, 1977. Two days later appellant sought reconsideration of the dismissal order, reciting in part:

On May 11, 1977, undersigned counsel received an unsolicited telephone call from the plaintiff inquiring about the case. Counsel advised plaintiff what had transpired over the past several months, as well as in Court on May 10 [the granting of the motion to dismiss]. Plaintiff advised counsel that he had not resided at his last address . . . for the past few months and had not received counsel's letters, but that he definitely wanted to prosecute the case, and that he would, in fact, cooperate fully in signing the Answers to Interrogatories, which he had previously discussed with undersigned counsel.

The court denied the motion to reconsider.

## II

Appellant properly does not challenge the trial court's power under Super.Ct.Civ.R. 37 to dismiss the action. *See, e. g., National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Societe Internationale Pour Participation Industrielles Commerciales, S. A. v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); *U. S. Merchandise Mart, Inc. v. D & H Distributing Co.,* D.C.App., 279 A.2d 511 (1971). Rule 37 (both federal and Superior Court) vests discretion in the trial court as to the sanction to be applied for noncompliance with pretrial discovery orders, and the court's determination is reversible on appeal only for an abuse of that discretion. *National Hockey League v. Metropolitan Hockey Club, Inc., supra,* 427 U.S., at 642, 96 S.Ct. 2778; *Dodson v. Evans,* D.C.App., 204 A.2d 338, 341 (1964). *See also Koppal v. Travelers Indemnity Co. of Hartford,* D.C.App., 297 A.2d 337 (1972). Accordingly, appellant argues that the trial court abused its discretion in dismissing the action, since the failure to comply with the court's discovery order "was not willful or in bad faith" and there were alternative sanctions which would not substantially deprive defendant of the opportunity to present its defense and which were not so severe as to cut off plaintiff's right to redress. We do not agree.

Super.Ct.Civ.R. 37 provides in pertinent part:

**(b) Failure to Comply with Order**

.     .     .     .     .

(2) *Sanctions by this Court.* If a party . . . fails to obey an order to provide or permit discovery, . . . the court may make such orders in regard to the failure as are just, and among others the following:

.     .     .     .     .

(C) An order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

.     .     .     .     .

**(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party . . . fails . . . to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

■■■■ While the record does not indicate that appellant's conduct amounted to willful contempt of the court's discovery procedures and of the court's order, there is no requirement of such a finding for dismissal. There are certain points to be noted in this regard. First, we are not dealing with a mere failure to serve answers to interrogatories [which is covered by Rule 37(d)]. Here we have a continued failure to provide answers after repeated requests by appellee and, finally, after a court order directing answers before a specific date. Thus, our decision in *Koppal v. Travelers Indemnity Co. of Hartford, supra,* which is cited by appellant, is not apposite. In that case, we reversed a dismissal under the former Super.Ct.Civ.R. 37(d) for failure to answer interrogatories, holding that such a harsh sanction was to be reserved for only the most severe cases of willfulness.[1] There was no court order to answer interrogatories in *Koppal,* but rather a failure to answer interrogatories which had been properly filed and served.

This is not to say that willfulness or bad faith are not factors to be considered in the court's choice of the sanction to be applied following noncompliance with a discovery order issued pursuant to Rule 37(a) and (b) as well. In *Societe Internationale, supra,* the Supreme Court reversed a Rule 37(b) dismissal, holding that Rule 37

should not be construed to authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner. [357 U.S. at 212, 78 S.Ct. at 1096 (footnote omitted).] [2]

---

1. Although the language of Rule 37(d) no longer requires that a failure to respond to discovery be "willful" to warrant the imposition of sanctions, willfulness remains one of the factors to be considered by the court in deciding upon sanctions pursuant to that section of the rule. *See Hall v. Watwood,* D.C.App., 289 A.2d 626, 628 & n. 7 (1971); 4A Moore's Federal Practice ¶ 37.05 at 37–91–37–95 (2d ed. 1978).

We note the following two decisions which would be relevant were this a no court order case arising under Rule 37(d): *Patterson v. C. I. T. Corp.,* 352 F.2d 333 (10th Cir. 1965) (Court of appeals reversed a default judgment entered upon failure to appear for deposition when the notice was served on defendant's attorney but the attorney was unable to contact his client. Notice had been short, plaintiff was attempting to take the deposition immediately before trial, and there was no indication that defendant's failure to keep in touch with his attorney was occasioned by any desire to avoid having his deposition taken.); *Milewski v. Schneider Transportation Co.,* 238 F.2d 397 (6th Cir. 1956) (Court of appeals, finding no abuse of discretion, affirmed an order dismissing an action for failure of plaintiff to answer interrogatories occasioned by counsel's inability to find his client.).

2. A post-*Societe Internationale* amendment to Rule 37(b)(2), replacing the phrase "refuses to obey an order" with "fails to obey an order" as the prerequisite for the court's applying any of the recommended sanctions, probably does not affect the teaching of the language quoted from that case—for that language speaks only to the prerequisite for a court to apply the most se-

However, the facts of the instant case readily distinguish it from *Societe Internationale, supra,* in which the offending party had made good faith efforts at compliance. Moreover, in *U. S. Merchandise Mart, Inc. v. D & H Distributing Co., supra,* we defined "willful failure" in the context of noncompliance with a discovery order as not necessarily including a wrongful intent to disobey. "A conscious or intentional failure to act, as distinguished from an accidental or voluntary non-compliance, is sufficient to invoke the penalty." 279 A.2d at 513.

Given these circumstances, and considering the record which the trial court had before it in making its determination to dismiss the action, we cannot say that the court abused its discretion. *U. S. Merchandise Mart, Inc. v. D & H Distributing Co., supra; Dodson v. Evans, supra.* See also *R. De Bouard & Cie v. S. S. Ionic Coast,* 46 F.R.D. 1 (S.D.Tex.1969) (default judgment pursuant to Fed.R.Civ.P. 37(b) entered when defendant did not or would not communicate with counsel so that answers to interrogatories were not propounded, in violation of a court order). Accordingly, the order of dismissal is affirmed.

*Affirmed.*

vere sanction. In the latter context the element of willfulness should still be considered. *National Hockey League v. Metropolitan Hockey Club, Inc., supra,* 427 U.S., at 640, 96 S.Ct. 2778.