### Arthur G. HACKNEY, et al., Appellants,

### v.

### Jacob SHEESKIN, et al., Appellees.

### No. 84–986.

District of Columbia Court of Appeals.

Argued Sept. 12, 1985.

Decided Jan. 22, 1986.

Rehearing Denied Feb. 7, 1986.

Arthur M. Reynolds, Jr., Washington, D.C., for appellants.

David P. Durbin, Washington, D.C., with whom Joel M. Savits, and Kevin P. Kenne-

---

dy, Washington, D.C., were on the brief, for appellee Sheeskin.

Merritt Lee Murry was on the brief, for appellee Community Mortg. Corp.

Before PRYOR, Chief Judge, ROGERS, Associate Judge, and GALLAGHER, Senior Judge.

ROGERS, Associate Judge:

Appellants sued appellees for alleged fraudulent misrepresentation of the terms of a mortgage loan agreement, and sought compensatory and punitive damages and cancellation of the loan agreement and transaction. Almost one year to the day after appellants filed their complaint, the trial court granted the motion of appellee Community Mortgage Corporation (CMC) to dismiss the complaint for failure to prosecute, Super.Ct.Civ.R. 41(b), and failure to complete discovery, Super.Ct.Civ.R. 37(b). Because the motions judge failed to abide by previously determined standards in the exercise of his discretion under Rules 37 and 41, we reverse.

I

Appellants filed a complaint for fraud on June 15, 1983. In connection with their attempt to purchase a private residence for investment purposes, appellants retained Jacob Sheeskin (Sheeskin) as their attorney and appellee Liberty Mortgage Corporation as their broker to obtain financing; Community Mortgage Corporation (CMC) offered to lend appellants the money which they needed, and after agreement was reached, CMC assigned the loan to Home-

owners' Loan Corporation (HLC). Appellees Sheeskin, HLC, and CMC, filed timely answers.[1] Almost six months after filing their complaint, appellants commenced discovery on December 9, 1983, by filing interrogatories addressed to CMC and Sheeskin. On the same date they also filed an opposition to CMC's motion to dismiss for failure to prosecute under Super.Ct.Civ.R. 41–I.[2] A copy of the motion had been mailed to appellants on December 5, 1983, but was not filed until December 27, 1983. The trial court denied CMC's motion on January 26, 1984, without prejudice to renewal within 120 days if appellants had not vigorously pursued their claims. The following day, CMC filed its answers to appellants' interrogatories of December 9, 1983.

Meanwhile, on December 22, 1983, Sheeskin filed a motion under Super.Ct.Civ.R. 37 to compel discovery or dismiss the complaint. The motion alleged that appellants had failed to respond to his July 29, 1983, interrogatories and a request for production of documents as well as to a letter renewing the requests. On January 4, 1984, appellants filed answers to Sheeskin's interrogatories. On March 20, 1984, Sheeskin filed answers to appellants' interrogatories of December 9, 1983.

On March 14, 1984, HLC filed a motion to compel discovery or dismiss the complaint under Rule 37 on the ground that appellants had not responded to its December 16, 1983, interrogatories nor to a renewed request by letter of February 17, 1984. The motion to compel was granted on April 13, 1984, and appellants were or-

---

**1.** A fourth defendant, Liberty Mortgage Corporation has not filed an appearance in this court. The record does not indicate whether Liberty Mortgage Corporation was ever served with a copy of the complaint.

**2.** Super.Ct.Civ.R. 41–I provides in pertinent part:

DISMISSAL FOR FAILURE TO PROSECUTE. (a) DISMISSAL WITHOUT PREJUDICE; NOTICE OF; WARNING. If a party seeking affirmative relief fails for six months from the time action may be taken to comply with any law, rule or order requisite to the prosecution

of his claim, to avail of a right arising through the default or failure of an adverse party, or take other action looking to the prosecution of his claim, and such party has been sent a warning as required by section (b) of this rule, the complaint, counterclaim, crossclaim, or third-party complaint of said party, as the case may be, shall stand dismissed without prejudice, whereupon the clerk shall make entry of that fact and serve notice thereof by mail upon every party not in default for failure to appear, of which mailing he shall make an entry.

dered to file and serve by May 11, 1984, full answers to HLC's interrogatories or face the possibility, after due notice, that the complaint would be dismissed as to HLC. On May 22, 1984, appellants filed a pleading styled as an "opposition" to the motion to dismiss, alleging that HLC had received all of the requested information; appellants also claimed that although appellants' attorney had mailed HLC's discovery request to them prior to May 11; appellants were out of town and the answers could not be provided until May 15, when they were promptly provided and a response prepared. Appellants filed answers to HLC's interrogatories on May 24, 1984.

On May 30, 1984, CMC renewed its motion to dismiss for failure to prosecute and to complete discovery. CMC alleged that appellants had failed to comply with the order of April 13, 1984, to respond fully to Sheeskin's discovery requests,[3] and to respond to CMC's request of April 23, 1984, for documents under Super.Ct.Civ.R. 34(a). Appellants opposed the motion on June 12, 1984, denying CMC's allegations relating to Sheeskin's request for documents and arguing that neither dismissal nor other sanction was appropriate. Two weeks later, on June 26, 1984, appellants filed responses to CMC's request for documents. The next day, without a hearing, the motion to dismiss the complaint was granted. Appellants filed a timely appeal.

## II

The trial court has discretion to dismiss a cause of action and to impose other sanctions for failure to comply with a discovery request under Super.Ct.Civ.R. 37(b).[4] On appeal this court will reverse only where the trial court has abused its discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (cited in *Vernell v. Gould*, 495 A.2d 306, 311 (D.C.App.1985) and *Himmelfarb v. Greenspoon*, 411 A.2d 979, 982 (D.C.App.1980)). *See generally Johnson v. United States*, 398 A.2d 354, 361–67 (D.C.App.1979). Yet, in deciding to dismiss a case the trial court must adhere to certain standards.[5] The trial court abuses its discretion "if there is

---

3. CMC alleged that when Sheeskin had filed a request for documents in March 1984, appellants had failed to produce them at the scheduled deposition of April 18, 1984, and that although the deposition was held open, the documents still had not been produced. Sheeskin's discovery requests and the events at the deposition are not in the record before us.

4. Super.Ct.Civ.R. 37(b) provides in pertinent part:

FAILURE TO MAKE OR COOPERATE IN DISCOVERY: SANCTIONS.
(b) FAILURE TO COMPLY WITH ORDER.
(2) SANCTIONS BY THIS COURT. If a party or an officer, director, or managing agent of a party or a person designated under Civil Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery ... the Court may make such orders in regard to the failure as are just, and among others the following:
(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established ... in accordance with the claim of the party obtaining the order;
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of Court the failure to obey any orders except an order to submit to a physical or mental examination;

*   *   *   *   *   *

In lieu of any of the foregoing orders or in addition thereto, the Court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

5. In *Shimer v. Edwards*, 482 A.2d 399, 401 (D.C.App.1984) (per curiam), we pointed out that the trial court must: (1) recognize that such a dismissal runs counter to valid societal preference for a decision on the merits; (2) inquire

no 'showing of severe circumstances' which would justify dismissal" or "if it fails to consider lesser sanctions ... under Rule 37." *Braxton v. Howard University*, 472 A.2d 1363, 1365 (D.C.App.1984) (citing *Ungar Motors v. Abdemoulaie*, 463 A.2d 686, 688–89 (D.C.App.1983), quoting from *Koppal v. Travelers Indemnity Co.*, 297 A.2d 337, 339 (D.C.App.1972)); *see also Pollock v. Brown*, 395 A.2d 50, 52 (D.C.App.1978) (dismissal appropriate "only in the most severe circumstances" and "the sanction should, where possible, fit the offense"). In reviewing the lower court's actions, we must evaluate "all pretrial proceedings prior to the sanction." *Vernell v. Gould, supra*, 495 A.2d at 311; *Ungar Motors v. Abdemoulaie, supra*, 463 A.2d at 687. Upon reviewing the proceedings, we hold that dismissal was too severe a sanction.

■ The record reveals that appellants repeatedly failed to meet deadlines in responding to discovery. Their response to CMC's request for documents was a month late. They were four months late in responding to Sheeskin's interrogatories. They were over four months late in responding to HLC's interrogatories, and 13 days out of compliance with the order of April 13, 1984. We are unable to find any indication, however, that appellants' delays caused prejudice. CMC did not allege that it had suffered any prejudice, and the trial court made no finding regarding prejudice.

In *Braxton v. Howard University, supra*, we observed that a leisurely pace of two months' delay in responding to a defendant's interrogatories had not previously been deemed sufficient to establish the requisite degree of prejudice. 472 A.2d at 1365 (citing *Ungar Motors v. Abdemoulaie, supra*, 463 A.2d at 689). Further, we held that, although appellant's delay of nearly a year in answering interrogatories was "flagrant," the pendency of a $10,000,000 lawsuit did not constitute genuine prejudice or "severe circumstances" which would warrant the "draconian" sanction of dismissal. *Id.* at 1366 (citing *Ungar Motors v. Abdemoulaie, supra*, 463 A.2d at 689).[6] In *Pollock v. Brown, supra*, we indicated that the possibility of prejudice on collateral matters and a failure to comply with a prior court order were insufficient, in the absence of other disruptive conduct by a plaintiff, to warrant dismissal of the complaint.[7] In that case, the court observed that delay could not ordinarily be considered prejudicial per se. "although the [defendants] may have been hindered in their ability to prosecute their counterclaim because of the [plaintiff's] discovery delays, [since] there is no indication that they were in any way prejudiced in their defense of the [plaintiff's] claim for rent." 395 A.2d at 52.

Appellees in the instant case did not allege, and the trial court did not find, that appellants' answers to interrogatories were incomplete or misleading, or that its response to requests for production of records evidenced a purpose to delay or otherwise obstruct the progress of the case. The motion judge's reliance on appellants' delays with respect to Sheeskin involve matters which are not a matter of

into the nature of the noncompliance; (3) evaluate the prejudice to the moving party; and (4) consider alternative, less harmful sanctions.

6. *Braxton* noted that an exceptionally long delay, "far longer than the delay in this case" may sometimes be inherently prejudicial. *Id.* at 1366 n.4. Otherwise, the party moving for dismissal must at least allege that the delay either (1) hampered the ability of their witnesses to recall relevant circumstances or to prepare testimony and respond to cross examination; or (2) caused the movant to incur unnecessary and substantial burdensome litigation costs. *Id.* at 1366.

7. *Compare Himmelfarb v. Greenspoon, supra*, 411 A.2d at 979 (dismissal proper after appellant's third failure to provide complete answers to interrogatories); *Coleman v. Lee Washington Hauling Co.*, 392 A.2d 1067 (D.C.App.1978) (unsatisfactory answers at deposition, failure to cooperate in providing pertinent hospital records, and delay of more than six months in answering interrogatories); *U.S. Merchandise Mart, Inc. v. D & H Distributing Co.*, 279 A.2d 511 (D.C.App. 1971) (failure to comply with court order to file more complete answers to interrogatories).

record in this court, *see supra* note 3; furthermore, CMC asserted in its response to appellants' opposition to the motion to dismiss that its discovery requests were independent of those of the other appellees and consequently, we are disinclined to view appellants' delays in providing discovery to the other appellees as a basis for inferring prejudice to CMC. To the extent that the judge relied on CMC's assertion that there had been no response to its request for documents, he erred; appellants had filed their response the day before the complaint was dismissed. No trial date, or pretrial date, had been set. In addition, the pattern of untimely conduct was not limited to appellants: CMC's answers to appellants' interrogatories were over two weeks late, and Sheeskin's answers were three and one-half months late. When CMC filed its motion to dismiss, appellants' response to its request for documents was only seven days late, and was filed before CMC had filed its reply to appellant's opposition and before the trial court had dismissed the complaint.

The record does not reveal that the motions judge considered alternative, less harmful sanctions than dismissal of the complaint. His order focuses only on appellants' failures to comply timely with discovery, and does not mention appellees' conduct nor suggest that any sanction other than dismissal would be inappropriate. In our view, the record clearly supports the appropriateness of imposing sanctions under Rule 37, but the sanction of dismissal of the complaint was inappropriate in the absence of some showing of prejudice. Accordingly, we hold that the motions judge abused his discretion in dismissing the complaint.

**III**

We reach a similar conclusion upon analysis of the motions judge's exercise of discretion under Super.Ct.Civ.R. 41(b).[8] This court has repeatedly held that a Rule 41(b) dismissal is a drastic remedy and should be granted sparingly. *Battle v. Jackson,* 476 A.2d 1143, 1145 (D.C.App.1984) and cases cited therein. It operates as an adjudication on the merits, *Garces v. Bradley,* 299 A.2d 142, 145 (D.C.App.1973), and is contrary to the emphasis placed by the court on the desirability of assuring the right to be heard on the merits, *Frazier v. Center Motors, Inc.,* 418 A.2d 1018, 1020 (D.C.App. 1980). Although this court will reverse only where the trial court has abused its discretion, *Battle v. Jackson, supra,* 476 A.2d at 1145, the exercise of that discretion has been defined on a number of occasions. Among the factors that the motions judge must consider are the length of the delay, the reasons for the delay, and any prejudice to the defendant as a result of the delay. *Id.; see Frazier v. Center Motors, Inc., supra,* 418 A.2d at 1020, and cases cited therein. The question whether or not a plaintiff has pursued his claim with due diligence is a question of fact for the motions judge to be shown by proper proof. *Christian v. Bruno,* 247 A.2d 54, 57 (D.C. App.1968) (quoting *Parsons v. Hill,* 15 App.D.C. 532, 551 (1900)).

In the instant case, the delay was not particularly long.[9] Although appellants' responses to discovery were untimely, and sometimes produced only after a motion to compel had been filed, appellants' longest delays involved just under six months after they had filed the complaint,

**8.** Super.Ct.Civ.R. 41(b) provides in pertinent part:

DISMISSAL OF ACTIONS

INVOLUNTARY DISMISSAL: EFFECT THEREOF. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

**9.** *Compare Link v. Wabash Railroad Co.,* 370 U.S. 626, 627–28, 82 S.Ct. 1386, 1387, 8 L.Ed.2d 734 (1962) (more than six years of delays);. *Taylor v. Washington Hospital Center,* 407 A.2d 585, 595 (D.C.App.1979), *cert. denied,* 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980) (sixteen months); *Beckwith v. Beckwith,* 379 A.2d 955, 956–58 (D.C.App.1977), *cert. denied,* 436 U.S. 907, 98 S.Ct. 2239, 56 L.Ed.2d 405 (1978) (refusal to take blood test for fourteen months, which included two months after court order to do so);

and slightly over five months before they responded to HLC's interrogatories. With respect to the former period of delay, appellants filed two sets of interrogatories more than two weeks before CMC actually filed its first motion to dismiss; for the latter delay they offered an unchallenged explanation. All the other delays caused by appellants were resolved within a few weeks or a few days.

CMC has not alleged any prejudice and we find none.[10] The delays were relatively brief and appellants' actions, although sporadic, did not indicate inactivity.[11] The parties have been engaged in pretrial discovery for less than a year; a trial date has not been set and no dispositive motion on the merits under non-discovery rules has been filed by any appellee.[12] Appellants' explanation for their inability to comply with the order of April 13, 1984, even if found to be unpersuasive, nevertheless distinguishes this case from those in which no explanation was offered or only an extremely weak one was offered and the delay was far more protracted.[13]

> *Sheaffer v. Warehouse Employees Union, Local 730,* 132 U.S.App.D.C. 401, 403, 408 F.2d 204, 205 (1969) (more than four and one-half years).

10. Appellants have effected service, issued and answered interrogatories, and otherwise participated in the litigation process; therefore, the instant case does not fall within the exception where dismissal under Rule 41(b) is proper even though the court has found no prejudice. *Compare Akinoyde v. Hawkins,* 292 A.2d 795, 797 (D.C.App.1972) (original summons not served for more than two years; dismissal proper even though appellee did not "pinpoint specific ways in which he was prejudiced by the delays").

11. *Compare Belcher v. Johnson,* 427 A.2d 436, 437 (D.C.App.) (per curiam) (plaintiff "literally did nothing" for nine months), *cert. denied,* 454 U.S. 835, 102 S.Ct. 137, 70 L.Ed.2d 115 (1981); *Akinoyde v. Hawkins, supra,* 292 A.2d at 796 (two years before effecting service where appellant could have located appellee with minimum effort); *Sitwell v. Government Employees Insurance Company,* 263 A.2d 262, 264 (D.C.App. 1970) (plaintiff did nothing for 35 months and waited for court to notify her of pretrial conference); *cf. Shakesnider v. Rosenfeld,* 144 A.2d 106, 107 (D.C.App.1958) (17-month failure to make any effort to serve one defendant or to bring case to trial against other defendant).

Accordingly, because the motions judge abused his discretion in dismissing the complaint, the judgment is reversed and the case remanded.

*Reversed and remanded.*

12. On appeal, appellants seek to excuse their failures to conform with discovery filing deadlines on the ground that there has been no delay of the trial. This excuse misses the point. The rules contemplate that through discovery cases will be removed from the court's calendar through settlement, dismissal or dispositive pretrial motion. *See U.S. Merchandise Mart, Inc. v. D & H Distributing Co., supra,* 279 A.2d at 514; *Sheaffer v. Warehouse Employees Union, Local No. 730, supra,* 132 U.S.App.D.C. at 402, 408 F.2d at 205. Consequently, delays in discovery are counterproductive to the court's efforts to address its workload.

13. *See, e.g., Taylor v. Washington Hospital Center, supra,* 407 A.2d at 590–91 (refusal to go to trial after sixteen months of continuances and delays; no reason offered); *Beckwith v. Beckwith, supra,* 379 A.2d at 960 (unavailable to attorney for two and one-half years; no reason offered); *Wells v. Wynn,* 311 A.2d 829, 830 (D.C. App.1973) (no services of process effected for almost four years; no reason offered); *see also Link v. Wabash Railroad Co., supra,* 370 U.S. at 627–28, 82 S.Ct. at 1387 (case dismissed after more than six years of delays, when counsel could not attend pretrial conference).