**CTS CORPORATION, a corporation, Plaintiff,**

v.

**PIHER INTERNATIONAL CORPORATION, a corporation, Defendant.**

No. 72 C 1891.

United States District Court,
N. D. Illinois.
April 9, 1973.

---

Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., John J. Gaydos, CTS Corp., Elkhart, Ind., for plaintiff.

Raiford A. Blackstone, Jr., and Robert B. Jones, Fitch, Even, Tabin & Luedeka, Chicago, Ill., for defendant.

### MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion to dismiss the complaint pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure based on plaintiff's failure to comply with this Court's order of January 10, 1973 for production of documents.

This action is based on alleged infringement of the plaintiff's patents. This Court is alleged to have jurisdiction pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1400(b).

On January 10, 1973 this Court ordered the plaintiff to produce by February 1, 1973 the documents requested by the defendant in a motion filed on August 31, 1972. The plaintiff has continually failed to produce the documents and thus has failed to comply with this Court's order.

This Court is mindful of the harsh results that may arise from the dismissal of an action for the failure to produce pursuant to Rule 37. Bon Air Hotel, Inc. v. Time, Inc., 376 F.2d 118 (5th Cir. 1957), cert. denied, 393 U.S. 815, 89 S. Ct. 225, 21 L.Ed.2d 179; Fisher v. U. S. Fidelity & Guaranty Co., 246 F.2d 344 (7th Cir. 1957); Monks v. Barker, 35 F.Supp. 528 (D.C.Mass.1940).

However, this Court is also cognizant that it is well within its discretion to dismiss an action for the refusal of a plaintiff to comply with an order for the production of documents wherein the record is full of evasion and dilatory tactics by the plaintiff and the documents requested are relevant to the facts at issue. Diapulse Corp. of America v. Curtis Pub. Co., 374 F.2d 442 (2nd Cir. 1967). It is the opinion of this Court that the plaintiff should be given one final opportunity to produce the requested document before this Court is forced to take more drastic measures.

Further, it is the Court's opinion that the plaintiff should produce at its own expense the requested documents or copies thereof in the Northern District of Illinois, the forum in which the plaintiff has chosen to litigate pursuant to 28 U. S.C. § 1400(b). If the plaintiff is suc-

cessful in its litigation it will be able to recover the cost of production of documents from defendant as a legitimate cost of litigation.

Accordingly, it is hereby ordered:

1. The defendant's motion to dismiss the complaint for plaintiff's failure to comply with this Court's order for production of documents is denied; and

2. The plaintiff is to produce the requested documents or copies thereof by April 25, 1973 at a place mutually convenient to both parties in the Northern District of Illinois.