**Charles E. HINDMON,**
**Plaintiff-Appellant,**

v.

**NATIONAL–BEN FRANKLIN LIFE INSURANCE CORPORATION,**
**Defendant-Appellee.**

**Nos. 80–2733, 81–1367.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 8, 1981.

Decided May 12, 1982.

---

Michael K. Shannon, Head, Johnson, Martin & Parizek, Chicago, Ill., for plaintiff-appellant.

Michael D. McCormick, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Chief Judge, SWYGERT, Senior Circuit Judge, and CUDAHY, Circuit Judge.

CUDAHY, Circuit Judge.

Plaintiff-appellant Charles E. Hindmon appeals from the dismissal of his Complaint against National-Ben Franklin Life Insurance Corporation ("National-Ben") and from the entry of a default judgment against him in the amount of $113,987.94 on National-Ben's Counterclaim. These orders were entered by the district court under Rule 37 of the Federal Rules of Civil Procedure as sanctions for Hindmon's failure to comply with proper discovery requests. Finding no abuse of discretion, we affirm the judgment of the district court.

I.

This action was commenced by plaintiff Hindmon on May 12, 1980. Defendant National-Ben filed its Answer, Affirmative Defenses and Counterclaim on June 20, 1980. Three days later, National-Ben filed its First Set of Interrogatories and First Request for Production of Documents.

The district court set an initial status hearing for September 16, 1980. At that status hearing, the court noted that Hindmon had failed to reply to National-Ben's Affirmative Defenses and was in default on the Counterclaim. See Appellee's Appendix at 10, 14. The court ordered Hindmon to respond to defendant's Counterclaim by September 25, 1980; it also set a further status hearing for October 31, 1980. Plaintiff failed to appear at this second status

hearing and, as of November 1, 1980, had yet to comply with any of defendant's discovery requests. The district court set the case for trial on December 1, 1980.

Despite Hindmon's failure to respond to National-Ben's discovery requests, National-Ben filed a Notice of Deposition of Hindmon to commence on November 24, 1980, just three court days prior to trial. On November 15, 1980, almost four months after document production was due, Hindmon produced some documents. Hindmon did not, however, file a formal response to defendant's Request for Production, as is required by Federal Rule of Civil Procedure 34(b), nor did he represent that document production was complete.

On November 19, 1980, National-Ben filed a Motion to Compel Discovery, pursuant to Federal Rule of Civil Procedure 37(a). The district court granted the motion and ordered Hindmon to respond to all outstanding discovery requests by November 25, 1980. *See* Appellee's Appendix at 16. National-Ben also requested an order compelling Hindmon to appear for the taking of his deposition on November 24, but the district court denied this request without prejudice. *Id.*

On November 21, 1980, counsel for Hindmon attempted to reach counsel for National-Ben by telephone, and left a message at the latter's office that Hindmon would not appear for his deposition on November 24, 1980, as required by the Notice of Deposition, but would appear instead on November 25, 1980.

On November 24, 1980, National-Ben moved to dismiss Hindmon's Complaint and for an order of default on its Counterclaim, pursuant to Rule 37 of the Federal Rules of Civil Procedure. National-Ben stated in its verified motion that Hindmon had refused to appear for the taking of his deposition on November 24, as scheduled, and that Hindmon had ignored each of National-Ben's discovery requests.

Because Hindmon had not yet failed to appear for the taking of his deposition on November 24, the district court denied National-Ben's Motion. *See* Appellee's Appendix at 25, 88–89. The court issued a clear warning, however, that if Hindmon failed to comply with the Order Compelling Discovery and with the Notice of Deposition, "the sanctions requested in this motion will then be appropriate." *Id.* at 89.

Hindmon then failed to appear that day for the taking of his deposition as required by the Notice of Deposition. Instead, he appeared on November 25, 1980, and made the unilateral demand that the deposition conclude early the next afternoon so that he could catch an afternoon flight back to Texas. *See* Appellee's Appendix at 28–29, 34–37. Hindmon in fact departed on the afternoon of November 26, and, further, refused to appear for a continuation of the deposition on November 28, 1980. *Id.* at 107. At no time did Hindmon seek a protective order regarding the date or time of his deposition.

On November 25, 1980, while Hindmon's deposition was in progress, Hindmon served upon National-Ben "Plaintiff's Answers to Defendant's First Set of Interrogatories." These Answers, however, were signed by Hindmon's attorney, rather than by Hindmon himself, in violation of the clear mandate of Federal Rule of Civil Procedure 33(a).[1] Moreover, Hindmon testified during his deposition that he had neither seen the Interrogatories nor verified the Answers. Hindmon further testified that although he could have provided some information "through other sources," his attorney had never asked him the specific questions propounded in the Interrogatories. *See* Appellee's Appendix at 61–64 (transcript of deposition).

On November 26, 1980, after the court's November 25 deadline had expired and one

---

1. Rule 33(a) provides, in pertinent part:

    Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. *The answers are to be signed by the person making them,* and the objections signed by the attorney making them.
    Fed.R.Civ.P. 33(a) (emphasis supplied).

court day before trial, Hindmon produced some documents that were responsive to National-Ben's Request for Production. The documents consisted of leases, voluminous training manuals that Hindmon had obtained from another insurance company, and fourteen insurance policy files. No other documents were produced, nor was a written response filed to confirm that production was complete.

On December 1, 1980, the day trial was scheduled to commence, the district court heard argument on National-Ben's second Motion for Discovery Sanctions, filed November 26, 1980. After hearing from both sides and reviewing the entire discovery record, the district court granted National-Ben's motion. The court specifically found that Hindmon had willfully and in bad faith refused to provide discovery and that he had violated the court's November 19th Discovery Order. Accordingly, as prayed for in National-Ben's Motion, the district court dismissed Hindmon's Complaint and entered an Order of Default on National-Ben's Counterclaim.

On December 4, 1980, counsel for National-Ben presented evidence on the issue of damages on its Counterclaim. Counsel for Hindmon appeared in court on that day, but declined to participate in the damages proceedings. On February 2, 1981, the district court entered judgment on National-Ben's Counterclaim in the amount of $113,897.94. Hindmon, in this appeal, challenges both the district court's dismissal of his Complaint and the entry of a default judgment against him on National Ben's Counterclaim.

## II.

Rule 37 of the Federal Rules of Civil Procedure authorizes the imposition of sanctions for a litigant's failure to cooperate in the discovery process. Section (b) of that Rule provides that where a party fails to obey a court order directing it to provide or permit discovery, the district court may, *inter alia*, enter an order "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Fed.R.Civ.P. 37(b). Rule 37(d) further authorizes a court to impose similar sanctions on any party who fails to appear for the taking of his deposition after being served with proper notice, or fails to serve answers or objections to interrogatories properly submitted under Federal Rule of Civil Procedure 33.

It is well settled, under the standards set forth in *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976) (per curiam), and *Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958), that the entry of a dismissal or default judgment under Rule 37 requires a showing of "willfulness, bad faith, or fault" on the part of a non-complying party. It is equally well settled that the choice of an appropriate discovery sanction is primarily the responsibility of the trial judge and will not be reversed absent an abuse of discretion. *National Hockey League, supra*, 427 U.S. at 642, 96 S.Ct. at 2780; *Charter House Insurance Brokers, Ltd. v. New Hampshire Insurance Co.*, 667 F.2d 600, 605 (7th Cir. 1981).

In the instant case, the district court made specific factual findings regarding Hindmon's lack of good faith and willful failure to cooperate in the discovery process. On November 24, 1980, the district court denied National-Ben's first Motion for Sanctions, but pointedly warned both litigants "that if the plaintiff does fail to comply with this Court's order of November 19, 1980 and, further, fails to appear for his deposition, the sanctions requested in this motion [i.e. dismissal and default judgment] will be appropriate." Appellee's Appendix at 89 (transcript of November 24, 1980 hearing). Despite this warning, Hindmon failed to appear for his deposition on the appointed date, failed to properly answer defendant's Interrogatories, and failed to respond to defendant's Request for Production within the time limit set by the district court. Moreover, at no time did Hindmon seek an extension of time to answer the interrogatories or produce the requested

documents; nor did he move for a protective order regarding the date or time of his deposition. *See Al Barnett & Sons, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 35 (3d Cir. 1979) ("Litigants may oppose discovery requests by seeking a protective order from the court ... they cannot be permitted to frustrate discovery by refusing to comply with a proper request.")

At the December 1, 1980 hearing on National-Ben's second Motion for Sanctions, the district court reviewed the entire record and found that it was "replete with indications of the dilatory, negligent, and slipshod manner in which the plaintiff has been prosecuting his action." Appellee's Appendix at 107. The court noted that Hindmon had "failed to answer the defendant's Counterclaim until long after such answer was due," *Id.* at 110, that several of plaintiff's Answers to Interrogatories (in addition to having been improperly prepared and verified by plaintiff's counsel) were "unresponsive or incomplete," *Id.* at 107–08, and that as a result of Hindmon's untimely document production, National-Ben "was unable to examine the plaintiff with respect to the documents he produced on November 26th." *Id.* at 109–10. The trial judge also noted that while counsel for Hindmon had stated that Hindmon could not appear for his deposition on November 24 because he was obliged to participate in litigation in Texas on that date, Hindmon had denied under oath that he was then involved in such proceedings. *Id.* at 109. On the basis of these findings, the district court concluded that "plaintiff has been reckless in his disregard of the rules of the court" and that "[d]ismissal of the plaintiff's action for failure to obey this Court's orders of November 18, 1980 and to comply with discovery is fully justified under Rules 37(b)(2) and (d) of the Federal Rules of Civil Procedure." *Id.* at 110.

Hindmon does not seriously dispute the district court's factual findings and, indeed, they are binding on this court unless clearly erroneous. *Loctite Corp. v. Fel-Pro, Inc.*, 667 F.2d 577, 582 (7th Cir. 1981) (per curiam). Instead, Hindmon argues that the district court abused its discretion by imposing the "excessively severe" sanctions of dismissal and default for what Hindmon characterizes as "technical" and non-prejudicial infractions of the court's November 19th discovery order. We disagree. Plaintiff's course of conduct in this case clearly demonstrates a willful failure to comply with court-ordered discovery. Moreover, Hindmon's refusal to appear for his deposition on its scheduled date, as well as his submission, more than four months after the required time for response, of incomplete and improperly executed Answers to Interrogatories provide independent grounds for the imposition of sanctions under Federal Rule of Civil Procedure 37(d). Finally, the district court specifically found that Hindmon's failure to provide discovery had seriously hampered National-Ben's trial preparations. *See* Appellee's Appendix at 109–10. (transcript of December 1, 1980 hearing). Hindmon's attempt to characterize his infractions as technical and non-prejudicial is thus clearly without merit. As the Supreme Court noted in *National Hockey League, supra,*

> the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

427 U.S. at 643, 96 S.Ct. at 2781.

The district court's choice of sanctions in the instant case is also consistent with numerous decisions of both this and other courts of appeals upholding the entry of dismissal orders and default judgments pursuant to Rule 37 of the Federal Rules of Civil Procedure. *See, e.g., Charter House Insurance Brokers, Ltd. v. New Hampshire Insurance Co.*, 667 F.2d 600 (7th Cir. 1981) (dismissal of complaint appropriate sanction for plaintiff's willful failure to comply with proper discovery requests); *Loctite Corp. v. Fel-Pro, Inc.*, 667 F.2d 577 (7th Cir. 1981) (per curiam) (district court did not abuse its discretion in dismissing plaintiff's patent

**622**

infringement suit for failure to produce relevant documents); *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) (default judgment appropriate in light of appellant's "dilatory and evasive tactics" and his "persistent unresponsiveness to both informal discovery requests and formal court orders"); *Baker v. Limber*, 647 F.2d 912, 917–18 (9th Cir. 1981) (upholding default judgment predicated on defendant's failure to answer questions at deposition and to produce documents described in court order); *Phillips v. Insurance Co. of North America*, 633 F.2d 1165, 1168 (5th Cir. 1981) (dismissal affirmed on basis of district court's finding of "willful disobedience" and "flagrant disregard" of discovery obligations); *Margoles v. Johns*, 587 F.2d 885, 888–89 (7th Cir. 1978) (complaint properly dismissed for plaintiff's tardy production of documents despite recalcitrant's forty-page affidavit asserting good faith and explaining tardiness); *Ben Sager Chemicals International, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977) (relief from default judgment properly denied where default was based on counsel's failure to comply with discovery); *Affanato v. Merril Bros.*, 547 F.2d 138, 141 (1st Cir. 1977) (default judgment properly entered for plaintiff's failure to adequately answer interrogatories and produce documents).

In light of these decisions, and on the basis of the specific factual findings made by the district court in the instant case, we find that the district court acted within its discretion in dismissing Hindmon's complaint and entering a default judgment against Hindmon in the amount of $113,-897.94 on National-Ben's Counterclaim. The judgment below is therefore

Affirmed.