Alex J. BOTTOS, Jr., Plaintiff,

v.

Raymond D. KICKBUSH et al., Defendants.

No. H 79–165.

United States District Court,
N.D. Indiana,
Hammond Division.

May 28, 1982.

---

Alex J. Bottos, Jr., pro se.

Linley E. Pearson, Atty. Gen. of Indiana, Indianapolis, Ind., Robert A. Welsh, Chesterton, Ind., William F. Satterlee III, Valparaiso, Ind., Saul I. Ruman, Hammond, Ind., for defendants.

Richard J. Lesniak, pro se.

### ORDER

SHARP, Chief Judge.

This cause is before the Court on the response of the parties to an order to show cause why this action should not be dismissed for lack of prosecution, entered on October 12, 1981.

The complaint was filed on April 2, 1979, and grows out of a contempt conviction and arrest warrant, which are the subject of a previous civil rights action, H 77–277, filed by the plaintiff in this Court on August 12, 1977. Plaintiff seeks an injunction of the execution of the arrest warrant; a declaratory judgment that the judgment of conviction is invalid; and damages for violations of 42 U.S.C. §§ 1983 and 1985(2).

Under Local Rule 10 of this Court and Fed.R.Civ.P. 41(b), this Court has the power to dismiss actions where there has been a history of failure to prosecute, or a disobedience of court orders. In this case, plaintiff has taken no action for the more than three years that this suit has been pending to bring it forward. In addition, on November 8, 1979, he notified the Court that he would not appear at a pretrial conference scheduled that day, as he was ordered of Court on September 26, 1979. On November 17, 1979, he failed to appear at a duly noticed deposition, of which he was notified on November 7, 1979. Plaintiff failed to produce documents or file objections under Fed.R.Civ.P. 34, as requested by motion of defendants on November 14, 1979. This deliberate thwarting of legitimate discovery repeats the pattern followed by plaintiff in the related suit, H 77–277.

In his response to the show cause order, plaintiff accuses the Court of preventing him from undertaking discovery or "even appearing in open court anywhere in Indiana." In paragraph 4, he states that he will not proceed with this action while his "rights are suspended."

The Court finds, despite plaintiff's assertions, that he has not shown good cause for failing to prosecute this cause diligently and in good faith. He has failed to comply with Court orders, as well as resisting any attempt to proceed with discovery by the defendants. Accordingly, the Court finds that plaintiff's complaint should be dismissed. *National Hockey League v. Metro Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Moore v. Telfon Communications Corp.,* 589 F.2d 959 (9th Cir.1978); *Beshear v. Weinzapfel,* 474 F.2d 127 (7th Cir.1973). See also, *Hindmon v. National-Ben Franklin Life Ins. Co.,* 677 F.2d 617 (7th Cir.1982).

It is therefore ORDERED that plaintiff's complaint in the above captioned cause be and hereby is DISMISSED.

On June 22, 1979, defendant, Saul Ruman, filed a counterclaim herein, seeking injunctive and compensatory relief from plaintiff's alleged defamation, malicious prosecution and abuse of process. Guided by the criteria of judicial economy and convenience and fairness to the litigants, *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 371, n. 9, 98 S.Ct. 2396, 2401, n. 9, 57 L.Ed.2d 274 (1978), the Court finds that retaining jurisdiction over the counterclaim would not save judicial time, since the federal claims have been dismissed in advance of trial. *Great Horizons v. Mass. Mut. Life*

*Ins. Co.*, 457 F.Supp. 1066, 1082 (N.D.Ind. 1978), *aff'd without opinion*, 601 F.2d 596 (7th Cir.1979).

Accordingly, it is FURTHER ORDERED that the counterclaim of the defendant, Saul Ruman, be and hereby is DISMISSED for lack of jurisdiction.