**Richard A. WRIGHT, Plaintiff,**

v.

**MARITIME OVERSEAS CORP., Defendant.**

**No. C 82–0736 SAW (ARB).**

United States District Court, N.D. California.

Feb. 17, 1983.

Jeffrey R. Walsh, Henning, Walsh & Ritchie, San Francisco, Cal., for plaintiff.

Lillick, McHose & Charles, David W. Condeff, Richard D. Hoffman, San Francisco, Cal., for defendant.

## FINDINGS AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

WEIGEL, District Judge.

On February 19, 1982, plaintiff seaman filed this action for alleged personal injuries pursuant to the Jones Act, 46 U.S.C. § 688. Defendant properly noticed plaintiff's deposition for May 11, June 22, and August 27, 1982. These three depositions were all continued at the request of plaintiff's attorney due to the alleged unavailability of plaintiff.

On September 29, 1982, plaintiff moved to continue the November 8, 1982, trial date. It was represented that plaintiff was enrolled in school in Louisiana and would be committed there until the end of 1982. On October 25, 1982, this Court referred the matter to arbitration. An arbitration hearing subsequently was set for March 22, 1983.

A fourth deposition was properly noticed for January 4, 1983. On January 2, 1983, plaintiff's counsel advised defendant's counsel that plaintiff could not be located. Plaintiff was not in Louisiana, nor had he been there since November, 1982. No one, including plaintiff's mother, knew plaintiff's whereabouts.

On January 6, 1983, defendant moved to compel plaintiff's attendance at a deposition or, alternatively, for dismissal of the action. On January 27, 1983, Magistrate Joan S. Brennan granted defendant's motion to compel plaintiff's attendance and ordered that plaintiff appear for deposition on or before February 9, 1983. Magistrate Brennan also noted that if plaintiff failed to comply with the Order, dismissal would be appropriate. Plaintiff did not attend any deposition on or before February 9, 1983.

To date, the only discovery with which plaintiff has provided defendant are two unverified sets of answers to interrogatories. Defendant has asked plaintiff to verify his responses. Plaintiff has not acceded to defendant's request.

Upon proper service and notice to plaintiff, defendant now moves to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 37(d).

Fed.R.Civ.P. 37(d) provides, in pertinent part, that if a party fails to appear for his properly noticed deposition, the court in which the action is pending may, on motion, make such orders in regard to the failure as are just. One such order is dismissal. Fed.R.Civ.P. 37(b)(2)(C). The choice of the appropriate discovery sanction is the responsibility of the trial judge and

will not be reversed absent abuse of discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976); *Hindmon v. National—Ben Franklin Life Insurance Corp.*, 677 F.2d 617, 620 (7th Cir. 1982). Dismissal pursuant to Rule 37 must be founded on a showing of willfulness, bad faith, or fault by the noncomplying party. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. at 640, 96 S.Ct. at 2779; *Hindmon v. National—Ben Franklin Life Insurance Corp.*, 677 F.2d at 620. Courts have imposed the sanction of dismissal with prejudice where plaintiff fails to attend his noticed deposition and continues to fail to do so after being ordered to attend by the court. *See Hindmon v. National—Ben Franklin Life Insurance Corp.*, 677 F.2d 617; *Hastings v. Maritime Overseas Corp.*, 411 F.2d 1201 (3d Cir.1969); *Roberts v. Norden Division, United Aircraft Corp.*, 76 F.R.D. 75 (E.D.N.Y.1977).

■ In the instant case, plaintiff has failed to appear for five depositions. He has not complied with Magistrate Brennan's January 27, 1983, Order. He cannot be located. Despite proper and lawful demand, plaintiff has refused to provide any verified discovery responses whatsoever. In short, plaintiff has exhibited disregard for the litigation he commenced and the orderly processes of this Court. Consequently, the Court finds that plaintiff has demonstrated the requisite willfulness and fault. The Court further finds that no lesser sanction would be effective or suitable in the premises. The Court, therefore, grants defendant's motion and dismisses this action with prejudice. Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss this action with prejudice is granted.