**Richard A. HARMON, Plaintiff,**

v.

**The FLINTKOTE COMPANY, et al., Defendants.**

**Civ. No. F 82–309.**

United States District Court, N.D. Indiana, Fort Wayne Division.

June 20, 1985.

---

Stanley A. Levine, Fort Wayne, Ind., Robert E. Sweeney, Cleveland, Ohio, for plaintiff.

Phillip A. Renz, Fort Wayne, Ind., Jeffrey R. Frank, Evansville, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is presently before the court on defendant's, The Flintkote Company, (Flintkote) motion to Dismiss and for Imposition of Sanctions. Judgment was entered in favor of Flintkote Company and against Richard A. Harmon on March 22, 1985. Accordingly, the only issue before the court is the imposition of sanctions. Both parties have fully briefed the issues and the matter is ripe for ruling.

Rule 37 of the Federal Rules of Civil Procedure authorizes the imposition of sanctions for a litigant's failure to cooperate in the discovery process. Rule 37(b) states, in part, that a court "shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed.R. Civ.P. 37(b). The facts in this case support the imposition of sanctions in that the actions of plaintiff and/or plaintiff's counsel clearly violated orders of this court with respect to discovery involving Flintkote, at least subsequent to November 7, 1983.

On January 18, 1983, all proceedings in this case were stayed by Order of this Court. On September 6, 1983, a First Set of Interrogatories to Plaintiff were filed by defendants Flintkote and Raymark Industries, Inc. On November 7, 1983, the Court conducted a pretrial conference in this case at which time the Court entered an Order dissolving the stay theretofore entered on January 18, 1983. At the pretrial conference, the Court also ordered that the parties submit agreed discovery procedure by December 31, 1983 and that discovery was to be completed by December 31, 1984. Prior to that pretrial conference, the parties through counsel agreed that plaintiff would have 120 days to file answers to the interrogatories propounded by Flintkote. Thus, by agreement of the parties and in accordance with the court's order regarding agreed discovery procedures, plaintiff had until March 6, 1984 to file said answers. On March 13, 1984, the date of the next pretrial conference held in this case at which the parties had to appear before the court, said answers were filed by plaintiff. The filing was clearly beyond the agreed time which was certainly generous in light of the 30 day provision contained in the Federal Rules of Civil Procedure and no request for an extension of time to file said answers was filed by plaintiff. At that pretrial conference, the court ordered that discovery relating to the statute of limita-

tions issue was to be completed by September 10, 1984 and that any motions for summary judgment relating to that issue were to be filed by October 1, 1984 and responded to by November 1, 1984.

Counsel for Flintkote requested more complete answers to their interrogatories by letter of June 20, 1984, which specifically identified which interrogatories Flintkote believed required supplementation to be responsive. On July 30, 1984, Flintkote's counsel requested a response to its June 20, 1984 letter. On August 10, 1984, Flintkote's counsel again wrote to plaintiff's counsel in response to an apparent phone message that plaintiff would file revised answers to the interrogatories within one week. That letter of August 10, 1984 further indicated that Flintkote intended to file a Motion to Compel and request oral argument thereon but if the revised answers were filed, he would consider the motion moot.

On August 13, 1984, Flintkote filed a Motion to Compel with respect to the incomplete interrogatories and on September 29, 1984 filed a Motion for Summary Judgment. At a hearing held on October 5, 1984, the court ordered, pursuant to agreement of the plaintiff and Flintkote, that plaintiff was to answer Interrogatory number 25 within 45 days. At that hearing, the Court also extended the discovery deadline with respect to the statute of limitations issue to December 31, 1984 and ordered that defendants were to file any summary judgment motions by February 1, 1985. On October 11, 1984, Flintkote filed a Request for Admissions and Interrogatories directed to the plaintiff. The plaintiff never complied with this Court's order of October 5, 1984 with respect to the Motion to Compel nor responded to Flintkote's Request for Admissions, second set of Interrogatories or Motion for Summary Judgment. Flintkote's motion for summary judgment was granted on March 8, 1985 and costs were assessed against plaintiff.

The above described actions on the part of plaintiff and/or plaintiff's counsel clearly evidence a failure to cooperate in the

discovery process. The plaintiff disregarded this court's order setting time limitations for discovery and responding to motions as well as failing to comply with this court's order regarding Flintkote's motion to compel. Accordingly, the imposition of sanctions in this case is appropriate and the issue therefore is what sanctions should be imposed.

In its motion for sanctions, Flintkote requested that this court dismiss this case and award it attorneys fees and expenses as sanctions. As noted above, summary judgment was entered in favor of Flintkote on March 22, 1985 which judgment was not opposed by plaintiff. Accordingly, dismissal of this case as a sanction is moot although the facts would have supported such a sanction. *Cf. Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469 (7th Cir.1984); *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224 (7th Cir.1983); *United States v. DeFrantz*, 708 F.2d 310 (7th Cir.1983); *Hindmon v. National-Ben Franklin Life Ins. Corp.*, 677 F.2d 617 (7th Cir.1982). Accordingly, the award of reasonable attorneys fees and expenses as sanctions under Rule 37 of the Federal Rules of Civil Procedure is appropriate in this case since the failure was not substantially justified nor are there other circumstances that would make an award unjust.

Jeffrey Frank, attorney for Flintkote submitted an affidavit in support of attorneys fees and expenses, which affidavit specifically described the services rendered and expenses incurred. Said affidavit indicates that attorneys fees and expenses incurred in the defense of this case totaled $12,142.93. After a careful review of the record, this court finds that approximately 50 hours of attorney services were rendered that were related to the plaintiff's failure to cooperate in the discovery process and that $693.07 in expenses were incurred that were directly related to said failure. Accordingly, this court awards Flintkote the sum of $4,443.07 in attorney fees and expenses as sanctions under Rule 37 of the Federal Rules of Civil Procedure in this case against plaintiff's attorney, Robert E. Sweeney Co., L.P.A. SO ORDERED.