**In re ASBESTOS II CONSOLIDATED PRETRIAL PROCEEDINGS.**

**No. 86 C 1739.**

United States District Court, N.D. Illinois, E.D.

Jan. 27, 1989.

Terrence M. Johnson, Collen Hickey, Terrence M. Johnson, Ltd., Chicago, Ill., Robert J.F. Brobyn, Brobyn & Forceno, P.C., Philadelphia, Pa., Steven Dicker, Dicker & Dicker, Jeffrey Tallis, James Costello, Ltd., Chicago, Ill., M. Charles Cloninger, Richard H. Middleton, Jr., Susan E. Shelly, Middleton & Anderson, Savannah, Ga., John C. Bulger, Robert J. Cooney & Associates, Chicago, Ill., John A. Slevin, Vonachen, Cation, Lawless, Trager & Slevin, Peoria, Ill., for plaintiffs.

Howard K. Priess, II, Andrew Kopon, Jr., Jennifer Jerit Johnson, Kathleen M. Gibbons, Tressler, Soderstrom, Maloney & Priess, Chicago, for Flintkote Co.

Daniel Cheely, Richard Donohue, Paul O'Flaherty, John Krivicich, Andrew Boling, Baker & McKenzie, Chicago, Ill., for AC & S, Armstrong, Carey Canada, Celotex, Dana, Nat. Gypsum, Flintkote, Gaf, Keene, Owens–Corning, Owens–Illinois, H.K. Porter, Rock Wool, Turner & Newall, TAF Intern. and T & N plc Fibreboard, Pittsburgh–CRNG.

Frank K. Heap, John Verscaj, Ellen Kornichuk, Bell, Boyd & Lloyd, Chicago, Ill., for W.R. Grace Co.

Robert Harris, Harrold A. Harris, Ltd., John Sanchez, O'Brien & Sanchez, Chicago, Ill., for Crown Cork & Seal.

J. Michael Newton, Ericia A. Munzel, Chadwell & Kayser, Ltd., Chicago, Ill., for Raymark Industries, Inc.

Thomas J. Platt, James A. Stephenson, Corey P. O'Dell, Kurnik, Cipolla, Stephenson, Barasha and O'Dell, Ltd., Arlington

Heights, Ill., for American Energy & Nicolet, Inc.

Lloyd E. Williams, Jr., Jean C. Harris, Bruce Lyon, Williams & Montgomery, Chicago, Ill., for Santa Fe R.R., and Soo Line R.R. Eagle–Picher.

Edward F. Ruberry, Mitchell H. Frazen, Burditt, Bowles, Radzius & Ruberry, Chicago, Ill., for Garlock, Inc.

Raymond Stacknik, William Mullins, Abramson & Fox, Chicago, Ill., for Garlock, Inc.

Patrick F. Geary, Arnstein, Gluck, Lehr & Milligan, Chicago, Ill., for Babcock & Wilcox.

Richard E. Boyle, Timothy S. Richards, Gundlach, Lee, Eggman, Boyle & Roessler, Belleville, Ill., Patrick F. Healy, Jr., Chicago, Ill., for Illinois Central R.R.

James Hafele, Peoria, Ill., for Empire Ace & U.S. Mineral.

Thomas Patterson, Edward Melis, James P. Dorr, Mark C. Fedota, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for Conrail, Combustion Engineering Charter Consol.

Henry J. Marquard, Nancy Jo Arnold, Kralovec, Marquard, Doyle & Gibbons, Chicago, Ill., for Asbestospray H & A Const.

Jeff Harris, Foran, Wiss & Schultz, Chicago, Ill., for Atlas Turner, Inc.

William F. Mahoney, Edward J. McCambridge, Segal McCambride Singer & Mahoney, Ltd., Chicago, Ill., for Anchor Packing.

Gregory E. Rogus, Leroy Garr & Associates, Chicago, Ill., for Ryder Industries.

Myles Tobin, George H. Brant, Chicago & Northwestern Transp. Co., Chicago, Ill., for Chicago Northwestern Transp. Co.

Mary E. Bennett, Lord, Bissell & Brook, Chicago, Ill., for Amtrak and Conrail.

Joann Pelka, Northeast Illinois R.R. Corp., Chicago, Ill., for N.I.R.C.

Dick Forrester, Snyder & Gerard, Chicago, Ill., for Chicago & Western Indiana R.R.

Michael G. Artey, Woodrow M. Cunningham, Belt Ry. Co., Chicago, Ill., for Belt Ry. Co.

Kenneth J. Wysoglad, Mr. Sazbanoff, Kenneth J. Wysoglad & Associates, Chicago, Ill., Coordinating Counsel for Burlington Northern.

Michael W. Burns, David A. Damico, Lisa Pupo, Burns, White & Hickton, Pittsburgh, Pa., Albert Jenner, Clarold L. Britton, Jenner & Block, Neil K. Quinn, Pretzel & Stouffer, Ed Miller, Leonard M. Ring & Associates, Jay A. Baier, Chicago, Ill., Gooding & Schroeder, Geneva, Ill., Connelly & Mustes, Katten, Muchin, Zavis & Pearl, Robert S. Baker, Robert L. Martier, Lundblad & Baker, Chicago, Ill., for Owens–Corning Fiberglas Corp.

Thomas F. Meyer, William M. Koziol, Law Office of William M. Koziol, Long Grove, Ill., for John Crane–Houdaille.

Sam V. Menegas, Carol R. Prygrosky, Darren Van Puymbrouck, Robert H. Riley, Schiff, Hardin & Waite, Chicago, Ill., for Owens–Illinois, Inc., Fibreboard Corp., & Pittsburgh Corning Corp.

## MEMORANDUM

KOCORAS, District Judge:

This matter is before the court on the Wellington defendant's Motion to Dismiss as a discovery sanction. After careful consideration, the court concludes that the motion should be denied.

## FACTS

On October 27, 1986, the court entered Consolidated Pretrial Discovery Order No. 1. The consolidated order set a period of 30 months within which to complete discovery in the entire roster of cases. Plaintiff's counsel Terrance M. Johnson filed in excess of 160 asbestos personal injury cases in federal court. As time progressed, defendant alleges that Mr. Johnson's cases fell seriously behind the discovery schedule.

Defendants first complained in February of 1988, noting that insufficient answers to interrogatories had been filed and in a majority of cases not filed at all, and that summaries of non-expert witness testimony had not been supplied in any case. At that

time Mr. Johnson assured the court that interrogatory answers would be filed at a rate of 15–20 cases per month. This schedule never came to pass.

Later in May of 1988, a second motion by defendants addressed Mr. Johnson's failure to comply with discovery in the 1985 and 1986 cases. A third motion addressed Mr. Johnson's almost complete neglect of discovery in 81 cases filed in 1987. This court previously rejected defendants' request to modify the Asbestos II discovery schedule, but indicated that it would monitor discovery compliance in light of Mr. Johnson's delay.

## DISCUSSION

Federal Rule of Civil Procedure 37(b)(2) authorizes sanctions by the court against a party in a pending action for failure to comply with a discovery order. The court is instructed to make such orders as are just in regard to the particular failure to comply. Defense counsel argues in their moving papers that nothing short of dismissing Mr. Johnson's cases would serve justice in this case. The court does not presently agree.

A massive pretrial undertaking such as Asbestos II requires diligence and constant care by all attorneys involved to see that the asbestos cases move forward at a reasonably swift pace. Although the court expects such attention by Mr. Johnson, it is also sympathetic to the practical aspects of maintaining more than 160 asbestos personal injury actions. The court finds that to some extent the present situation is unique and demands leniency on its part. This is not to imply that Mr. Johnson may abuse the court's indulgence.

Entry of dismissal orders under Rule 37 requires a showing of wilfulness, bad faith, or fault on the part of a non-complying party. See *Hindmon v. National–Ben Franklin Life Ins. Corp.*, 677 F.2d 617, 620 (7th Cir.1982). Defendants assert that at some point, Mr. Johnson's lack of realism regarding the complexity of discovery must be viewed as wilful, triggering the court's sanction authority. Moreover, defendants state that the Court has already extended additional time to Mr. Johnson by allowing him to rehabilitate his cases over the last nine months, without strict adherence to discovery deadlines.

A discovery sanction of dismissal with prejudice is too severe under the circumstances. This sanction is appropriate for wilful failure to comply with specific mandates of the court such as repeated failure to appear for depositions or comply with an order to disclose. Such wilful violations are not present in this case. Dismissal without prejudice may be an appropriate sanction in the future. The court's goal and the purpose of the consolidated pretrial order is to move federal asbestos litigation forward as quickly and as efficiently as possible. Therefore, the court will not enter sanctions at this time, but will consider such action if continued noncompliance with the order continues to be experienced.

## CONCLUSION

Wellington defendants' Motion to Dismiss as a Discovery Sanction is denied. All counsel are ordered to appear for a pretrial conference on February 24, 1989 at 10:00 a.m. to discuss a revised discovery schedule and cut-off date. In the meantime, Mr. Johnson is ordered to use all due diligence to comply with outstanding discovery.

It is so ordered.