**Edar Y. ROGLER**

v.

**PHILLIPS BUILDING MENTAL RETARDATION PROGRAM, et al.**

Civ. No. K–85–2968.

United States District Court,
D. Maryland.

June 14, 1989.

Edar Y. Rogler, Washington, D.C., pro se.

J. Joseph Curran, Jr., Atty. Gen. of Maryland, and Carmen M. Shepard, Leronia A. Joseph and C. Frederick Ryland, Asst. Attys. Gen. of Maryland, Baltimore, Md., for all defendants other than defendants Olsson and Rappeport.

Paul F. Newhouse and Kenneth H. Meltzer, Baltimore, Md., for defendant Olsson.

Mary L. Mezzanotte, Kathleen Howard Meredith and Semmes, Bowen & Semmes, Baltimore, Md., for defendant Rappeport.

FRANK A. KAUFMAN, Senior District Judge.

Plaintiff originally filed her complaint in this case on July 11, 1985, alleging that her employment by an agency of the State of Maryland was terminated, *inter alia,* because of her sex and in retaliation for her protests about sex and race discrimination, and the like, all in violation of Title VII and 42 U.S.C. § 1981 *et seq.* Since then plaintiff has been permitted to amend her complaint on three occasions. Defendants include agencies of, and a number of persons employed by, the State of Maryland who occupied supervisory positions with relation to plaintiff's performance of her duties. In addition, plaintiff has named as defendants two psychiatrists who diagnosed her as a paranoid personality.

Plaintiff instituted this proceeding *pro se.* However, with plaintiff's agreement, this Court attempted to aid plaintiff in obtaining counsel, and unsuccessfully recommended first one and then a second attorney. Thereafter, after this Court suggested a third attorney—one with considerable experience in employment discrimination cases in this and other courts—that attorney entered his appearance at plaintiff's request and represented her for a period of

nineteen months. That third attorney withdrew his appearance on February 11, 1988, with the approval of plaintiff and, reluctantly also, of this Court. Since that withdrawal, plaintiff has proceeded *pro se.*

### Discovery and Sanctions

Over a period of several years, this Court has encouraged plaintiff and counsel for defendants to try to work together and has also, in a number of instances, ruled with respect to discovery disputes. As of this date, defendants seek the severe sanction of dismissal with prejudice, contending that plaintiff's refusal to honor her discovery obligations and to obey orders of this Court relating to discovery have brought the progress of this case to a standstill.

The record discloses that plaintiff has almost continuously been in default in connection with the performance of her discovery duties and has refused to obey orders of this Court relating to discovery. On several occasions, this Court has specifically warned plaintiff in written Memoranda and Orders of the possible imposition of the sanction of dismissal. In certain of those Memoranda and Orders, this Court has also directed plaintiff to cease filing needless, repetitive arguments and statements criticizing and impugning this Court and defense counsel. Unfortunately, as the record reveals, plaintiff has paid little or no attention to the discovery or other orders and directions of this Court. She has continued to file documents restating her positions and her criticisms and has either refused outright to engage in discovery in accordance with the discovery rules and orders of this Court or, when she has engaged in discovery, has rather obviously not done so in good faith. For example, her answers to questions put to her during deposition proceedings are either ambiguous, evasive or nonresponsive, or constitute outright refusals to respond to appropriate questions. Defendants have,

over a long period of time, asked plaintiff to clarify whether she is alleging against the two defendant psychiatrists or other defendants claims of improper procedural diagnosis of paranoia, or improper substantive diagnosis of paranoia, or both. On December 21, 1988, this Court filed an Order providing that "defendants may seek discovery with respect to Ms. Rogler's psychiatric history unless Ms. Rogler states, on or before January 13, 1989, in a written submission to this court that she is not challenging the correctness of the diagnoses of defendants Rappeport and Olsson."[1] Plaintiff did not file such a written submission with this Court by January 13, 1989 or at any time thereafter. On February 3, 1989, defendants noticed the continuation of plaintiff's deposition for February 22, 1989. Plaintiff neither attended that deposition proceeding nor obtained any order excusing her from being present. Consequently, defendants filed a motion for sanctions pursuant to Federal Civil Rule 37 on February 24, 1989 seeking, alternatively, an order (a) dismissing this action with prejudice or (b) prohibiting plaintiff from asserting certain claims or defenses or (c) barring the introduction of certain evidence. This Court, without specifically ruling with regard to that motion, instead ordered plaintiff to appear for her deposition at a time satisfactory to defendants and to fulfill all of her discovery obligations.[2]

On or about March 11, 1989, plaintiff noted "the cross-examination of [plaintiff's] deposition" for April 3, 1989. This Court, on March 16, 1989, ordered plaintiff to appear for her deposition and defendants again noticed plaintiff's deposition for April 3, 1989. On March 21, 1989, counsel for defendant Olsson received a telephone call from plaintiff in which plaintiff insisted that her "cross-examination" precede defendants' examination of her. During that

---

1. Memorandum and Order of this Court dated December 21, 1988 at 29–30. Ms. Rogler noted an appeal on January 13, 1989 from this Court's Order that plaintiff provide discovery regarding her medical and psychiatric history. That appeal is still pending.

All Memoranda and Orders of this Court, and indeed all communications with plaintiff and counsel for the parties, have been placed in the court file in this case.

2. Memorandum and Order of this Court dated March 16, 1989.

call, plaintiff informed counsel that she would not attend her deposition on April 3, 1989. Defendants then sought, and this Court issued on March 29, 1989, an Order that defendants' examination of plaintiff precede her "cross-examination." Defendants noticed the deposition for April 3, 1989 at 10:00 a.m. Plaintiff appeared on April 3, 1989 at 11:19 a.m.,[3] but proceeded, when asked questions, to restate a number of the objections which she had previously made and also refused to provide responsive answers to most of the questions put to her by counsel for defendants. The record of the April 3, 1989 proceeding reveals plaintiff's refusal to participate on a good faith basis. No one with plaintiff's experience and education could have acted as she did during that proceeding without a specific intent to stonewall. In addition, plaintiff sought after a short time to terminate the deposition. Apparently, after plaintiff was informed by one or more of counsel for defendants that plaintiff needed a protective order from this Court pursuant to Federal Civil Rule 30(d) in order to terminate, plaintiff forthwith filed a motion with this Court to obtain such an order. Judge Ramsey of this Court, who was serving as Chambers Judge that day, denied plaintiff's motion and ordered the deposition to continue. During the continued deposition, plaintiff refused to answer any questions concerning her psychiatric history and medical treatment. At 5:32 p.m. on April 3, 1989, the deposition proceeding adjourned with the understanding between plaintiff and counsel for defendants that it would be continued on April 7, 1989 at 10:00 a.m. Plaintiff did not appear on April 7, 1989; rather, she filed another motion to terminate pursuant to Federal Civil Rule 30(d) on April 6, 1989 and a further motion for other relief on May 2, 1989. Those motions which have not been ruled upon by this Court up to this time are hereby denied.[4]

On April 17, 1989, defendants filed a motion pursuant to Federal Civil Rules 37(b) and 41(b) seeking dismissal with prejudice of plaintiff's complaint in this case as a sanction because of plaintiff's conduct. On May 2, 1989, plaintiff filed an opposition to that motion, contending, *inter alia*, that at least certain of the alleged failures on her part to appear at deposition proceedings and/or responsibly to answer questions were due to the fact that she was not given adequate notice. The record discloses that that contention is factually without merit.[5] Plaintiff, in her opposition, also contends that the depositions were scheduled to be held, and indeed when they took place, were held, in the law offices of one of defense counsel and that it was improper for defendants to notice and/or to hold the deposition proceedings in such locations. Plaintiff first made that objection when she filed her opposition on May 2, 1989. Accordingly, that contention is untimely made.[6] In addition, plaintiff's contention lacks substantive merit. While "a few early cases held that [a deposition proceeding] should not be conducted in the office of an attorney for a party, ... there is authority to the contrary and it is the common practice to use the attorney's office." 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2112 at 418 (footnote omitted).

---

3. Plaintiff called Mr. Meltzer, counsel for defendant Olsson, at 9:00 a.m. from her home in Washington, D.C. on April 3, 1989 to inform him that because it was raining, it was possible that she would be late for her deposition. She then telephoned from the lobby of the building at 11:07 a.m. to request directions to the office where the examination was to take place.

4. The parties have filed a number of pending motions, including motions to strike. All of them are rendered moot by this opinion.

5. Plaintiff's deposition commenced in March, 1988; this Court ordered in December, 1988 completion of plaintiff's deposition prior to the commencement of any depositions noticed by plaintiff; and defendants noticed, on February 3, 1989, pursuant to this Court's December, 1988 order, the continuance of plaintiff's deposition for February 22, 1989.

6. If plaintiff had desired timely to object to the taking of a deposition in the offices of a defense attorney, she could have sought a protective order from this Court pursuant to Federal Civil Rule 26(c)(2), asking for designation of another place.

Federal Civil Rule 41(b) grants to a federal district court the authority to dismiss an action either on a motion by a defendant or *sua sponte.* 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2369 at 191. However, "Rule 41(b) does not exhaust the grounds on which involuntary dismissal can be ordered." *Id.* at 192. Thus, for example, Rule 37 permits "[d]ismissal as a sanction to enforce the discovery rules.... Indeed reliance on Rule 41, or on the court's inherent power, as authority for dismissal for failure to comply with a discovery order is improper, since Rule 37 is the exclusive source of authority for dismissal on this ground." *Id.* at 193.

In this case, plaintiff's refusal to follow this Court's instructions with respect to her discovery obligations has occurred in the face of specific warnings by this Court and has taken place in the most blatant manner. While the record illustrates that Ms. Rogler's conduct has been generally lamentable, it is her discovery failures which have become egregiously disruptive. Thus, it is principally under Rule 37(b), rather than under Rule 41(b), that this Court focuses with respect to the issue of whether dismissal with prejudice is an appropriate sanction. In so focusing, however, this Court notes that the case law with respect to sanctions generally and with specific reference to the sanction of dismissal has arisen not only in connection with Rule 37(b), but also in the context of Rule 41(b) and other contexts, and that the opinions dealing with that question in those several circumstances are all quite instructive to a court faced with a sanction motion filed pursuant to Rule 37(b).

In *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978), a case in which a prisoner contended that he was denied adequate medical treatment, the Fourth Circuit affirmed the District Court's dismissal pursuant to Rule 41(b) because of plaintiff's failure to prosecute and failure to accept proffered medical treatment. Judge Butzner wrote that such conduct "and other obstructive conduct on Davis's part distinguishes this case from our decisions setting aside dismissals on which Davis relies." *Id.* Judge Butzner also wrote:

A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of "the sound public policy of deciding cases on their merits." *Reizakis v. Loy,* 490 F.2d 1132, 1135 (4th Cir.1974); 9 Wright & Miller, Federal Practice and Procedure § 2370, at 216–17. Against this policy, the district court must balance considerations of sound judicial administration, applying four criteria: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a " 'drawn out history' of 'deliberately proceeding in a dilatory fashion;' " and (4) the effectiveness of sanctions less drastic than dismissal. *McCargo v. Hedrick,* 545 F.2d 393, 396 (4th Cir.1976).

*Id.*

■ The case law generally supports Judge Butzner's reluctance to countenance the use of the drastic sanction of dismissal with prejudice for failure to obey discovery orders of a federal district court. Accordingly, courts have often allowed parties more than one chance to comply with discovery orders and discovery rules. *See, e.g., Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494 (4th Cir.1977) (Russell, J.), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978); *Culp v. Devlin,* 78 F.R.D. 136, 141 (E.D.Pa.1978); *CTS Corp. v. Piher Int'l Corp.,* 59 F.R.D. 394, 395 (N.D.Ill.1973). Courts generally apply sanctions only to the extent that the same are reasonably necessary to accomplish the purpose of encouraging compliance with discovery orders "rather than simply ... punish[ing] for failure to make discovery." 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2284 at 772. Still, the power to impose sanctions under Rule 37(b) is discretionary with the trial court and its exercise will be disturbed on appeal only for an abuse of discretion, *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976), or for failure by the trial court clearly to state

its reasons for imposing a particular sanction. *Wilson v. Volkswagen of America, Inc.*, 561 F.2d at 505.

■ Once a court determines that sanctions are required, the court must choose which sanctions to employ and, in a given instance, can impose several sanctions at the same time or alternative sanctions. *R. De Bouard & Cie. v. S.S. Ionic Coast*, 46 F.R.D. 1, 3 (S.D.Tex.1969); *Life Music, Inc. v. Broadcast Music, Inc.*, 41 F.R.D. 16 (S.D.N.Y.1966).

■ In this case, plaintiff is primarily responsible for conduct which has made a mockery of discovery and has disrupted progress in this case. Also, plaintiff has stated that she has little or no assets. Accordingly, imposition of a fine or transfer of costs would hardly be effective. As indicated *supra*, this Court has, on numerous occasions, attempted to explain to plaintiff her discovery obligations and has warned her that if she persisted in her course of conduct, her complaint in this case might be dismissed. The sanction of dismissal with prejudice would appear to be the only sanction available under the circumstances. In this Court's view, that sanction should be imposed in this case "not merely to penalize ... [a person such as Ms. Rogler] whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. at 643, 96 S.Ct. at 2781. Moreover, in this case, the "needs" of the defendants, the "nature of the noncompliance" by plaintiff, and the effect upon defendants' ability to defend in this case in the absence of the discovery from plaintiff sought by them and in the face of plaintiff's refusal to specify certain of her claims, make it necessary, in fairness to defendants, that this Court at this time grant their motion to dismiss plaintiff's complaint with prejudice. *See Wilson v. Volkswagen of America, Inc.*, 561 F.2d at 505. *See also Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427 (5th Cir.1987); *Bluitt v. Arco Chemical Co.*, 777 F.2d 188 (5th Cir.1985); *Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083 (5th Cir. 1985); *Hindmon v. National Ben–Franklin Life Ins. Corp.*, 677 F.2d 617 (7th Cir. 1982), and cases cited therein; *Snead v. Automation Industries, Inc.*, 102 F.R.D. 823 (D.Md.1984); *Aerodyne Systems Engineering, Ltd. v. Heritage Int'l Bank*, 115 F.R.D. 281 (D.Md.1987). In many of those cases, dismissals have been entered as sanctions in contexts far less egregious than those existing in this case. Accordingly, defendants' motion for dismissal with prejudice will be granted and judgment will be entered for defendants.

### Disqualification

■ On March 7, 1988, plaintiff noted an appeal from this Court's February 19, 1988 order staying discovery relating to this Court's alleged bias in favor of one of the defendant psychiatrists pending determination of the legal issue of whether a judge should disqualify himself when one of the parties, i.e., in this case, that psychiatrist, has appeared before the Court in the capacity of a court-appointed expert. On November 2, 1988, that appeal by plaintiff was dismissed by the Fourth Circuit for lack of appellate jurisdiction. After further consideration of the issue, this Court continues to be of the view that there is no "reason, in fact or in terms of appearance, which should cause the undersigned judge of this Court to disqualify himself in this case" [7] and that no discovery is required in

---

**7.** Memorandum and Order dated March 10, 1988. *See particularly* paragraph (4) thereof which reads as follows (footnote omitted):

(4) The undersigned judge of this Court has called upon Dr. Rappeport to render written expert opinions to this Court in criminal cases, largely in a sentencing context. Also, the undersigned judge of this Court believes that he has in one case, sometime ago, presided during a judicial proceeding in which Dr. Rappeport testified as an expert. In the view of this Court, those circumstances in no way should cause "a reasonable member of the public at large, aware of all the facts, [to] fairly question the Court's impartiality." *United States v. Ferguson*, 550 F.Supp. 1256, 1260 (S.D.N.Y.1982) (Weinfeld, J.). *See SCA Services, Inc. v. Morgan*, 557 F.2d 110 (7th Cir.1977); *see also* L. Abramson, *Judicial Disqualification under Canon 3C of the Code of*

order for this Court appropriately to rule with regard to the disqualification issue. Accordingly, this Court declines to disqualify itself in this case.

### Conclusion

For the reasons set forth *supra*, judgment will be entered for defendants in a separate order.

### ORDER

For the reasons stated by this Court in an opinion filed today, defendants' motion for dismissal with prejudice is hereby granted, and judgment is hereby entered for defendants. It is so ORDERED, this 14th day of June, 1989.

*Judicial Conduct* 52–53 (American Judicature Society 1986). A copy of that monograph has been placed in the court file in this case along with a letter dated March 7, 1988 to the undersigned judge of this Court from Professor Shaman of The Center for Judicial Conduct Organizations, a service of the American Judicature Society. Professor Shaman made the said monograph available to the undersigned judge of this Court as a result of a telephone call from this Court to the American Judicature Society asking for any publications or other materials which the Center might have concerning whether a judge should disqualify himself in a case in which a defendant before him has appeared or rendered services as an expert in one or more other cases totally unconnected with the case at bar.

Under all the circumstances, this Court does not believe that there is any reason, in fact or in terms of appearance, which should cause the undersigned judge of this Court to disqualify himself in this case.

*See also Sierra Club v. Simkins Industries, Inc.,* 847 F.2d 1109, 1116 (4th Cir.1988) (prior association as attorney before becoming a judge); *Rice v. McKenzie,* 581 F.2d 1114 (4th Cir.1978) (prior participation as state court judge with regard to same claims); *Piechowicz v. United States,* 685 F.Supp. 486, 488 n. 1 (D.Md.1988) (prior appearances of a defendant as an attorney).